685 So.2d 1313 (1996)
Frank GRADDY, Appellant,
v.
STATE of Florida, Appellee.
No. 95-04658.
District Court of Appeal of Florida, Second District.
January 17, 1996.
PER CURIAM.
Frank Graddy challenges the denial of his motion filed pursuant to Florida Rule of *1314 Criminal Procedure 3.850. The trial court found it to be time-barred. Although the court's characterization of the date that the judgment and sentence under review became final is erroneous, for reasons we explain below we affirm and find the claim is time-barred.
Appellant was sentenced to two concurrent forty-four year sentences after a jury trial in an unrelated case. Thereafter in the case he now attacks he entered a plea conditioned upon the representation that the twelve years which were to be imposed would run concurrently with the forty-four year sentences.
He successfully appealed the judgment which followed his trial and, after retrial, was sentenced to a total of thirty-four years, to run, however, consecutively to the twelve-year sentence which earlier had resulted from the plea. The thrust of his argument in the motion denied in the trial court is that counsel was ineffective for advising him to plead to the twelve years with the promise that the time would run concurrently with his trial sentence when, several years later, the trial sentence was imposed to run consecutively to the sentence on the plea.
The trial court found that no appeal had been taken from the plea and that judgment became final December 5, 1991. The motion below was filed in November 7, 1995, well past the two-year time limitation of Florida Rule of Criminal Procedure 3.850.
At the time the judgment and sentence resulting from the plea became final, appellant would have had no way of knowing that subsequently the sentence would not be running concurrently to that later imposed after his retrial. This amounts to newly discovered facts under the rule, and the time frame of the rule begins to run at the time such facts are discovered or could have been reasonably discovered through the exercise of due diligence. Florida Rule of Criminal Procedure 3.850(b)(1). See Adams v. State, 543 So.2d 1244 (Fla.1989).
The resentencing which alerted appellant to the legal issue raised below occurred on February 16, 1993. An unsuccessful appeal from that case was decided on December 1, 1993. The proper resolution of which of these dates triggers the time frame of two years addressed in the rule will determine if the claim is time-barred. We find no legal cause which excused appellant from initiating the claim below as soon as the sentencing of February 16, 1993, had occurred. The appeal of that sentence was no jurisdictional impediment to the institution of the claim advanced below, as it involved a separate case number and was not under review.
Accordingly, we find that appellant's two-year time limitation commenced on February 16, 1993, and that the filing of the motion below on November 7, 1995, was untimely.
Affirmed.
DANAHY, A.C.J., and PARKER and ALTENBERND, JJ., concur.