742 So.2d 804 (1998)
Charles W. BRAY, III, Appellant,
v.
STATE of Florida, Appellee.
No. 98-569.
District Court of Appeal of Florida, First District.
August 13, 1998.
Appellant, pro se.
Sonya Roebuck Horbelt, Assistant Attorney General, Tallahassee, for Appellee.
SHIVERS, DOUGLASS B., Senior Judge.
Charles W. Bray, III, challenges an order by which his post-conviction motion, filed pursuant to Florida Rule of Criminal Procedure 3.850, was dismissed as untimely. We reverse and remand for an evidentiary hearing.
This is the second appeal in connection with Bray's motion. In Bray v. State, 702 So.2d 302 (Fla. 1st DCA 1997), we reversed with directions to the trial court to conduct an evidentiary hearing to determine whether the motion was timely filed in accordance with the mailbox rule articulated in Haag v. State, 591 So.2d 614 (Fla.1992)(holding that a 3.850 motion which is turned over to prison authorities for mailing within the two-year limitation period is timely even though it is not stamped by the court clerk until after the time limit has expired). After remand, without conducting an evidentiary hearing the trial court again dismissed the motion, finding the allegations of timeliness to be insufficient. However, as stated in our earlier decision, we have found Bray's allegations of timely submission sufficient to create an issue of fact, subject to proof at an evidentiary hearing. We reverse and remand again with specific instructions that appellant be afforded the opportunity at an evidentiary hearing to prove (by prison mail logs or otherwise) that his motion was timely filed. If timely, the motion shall be considered on its merits.
*805 REVERSED and REMANDED, with directions.
ERVIN and JOANOS, JJ., concur.