720 So.2d 577 (1998)
Connie MELTON, Appellant,
v.
STATE of Florida, Appellee.
No. 98-0278.
District Court of Appeal of Florida, First District.
October 7, 1998.
Appellant, pro se.
Robert Butterworth, Attorney General; Giselle Lylen Rivera, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant challenges the denial of her postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. Only one claim by appellant merits discussion.
In her motion, appellant alleged her plea was involuntary based on threats of harsher treatment if she insisted on proceeding to trial. The trial court was correct that this involuntary plea claim was legally insufficient because appellant never stated who coerced her, what threats were made or that she would not have pled but for these threats. Appellant filed a motion for rehearing in which she supplied the missing information. She also cited Dutton v. State, 504 So.2d 435 (Fla. 2d DCA 1987) (holding a guilty plea is not voluntary if induced by threats of harsher treatment should the defendant insist upon his right to a trial). However, the rehearing motion was not under oath, and therefore the trial court was not required to consider the additional facts raised therein to support that claim. See, e.g., Raines v. State, 625 So.2d 104 (Fla. 1st DCA 1993); Peavy v. State, 599 So.2d 234 (Fla. 1st DCA 1992) (postconviction claims are facially deficient when factual allegations forming the basis of the relief sought are set forth in an accompanying memorandum of law which is not under oath as required by rule 3.850). Accordingly, our affirmance on that claim only is without prejudice for appellant to refile it in a properly sworn motion which complies with rule 3.850, within 60 days from the date of this opinion. See, e.g., Barfield v. State, 671 So.2d 820 (Fla. 1st DCA 1996).
AFFIRMED.
MINER and WEBSTER, JJ., and SMITH, LARRY G., Senior Judge, concur.