PER CURIAM.
Appellant filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, alleging that her plea was involuntary because of threats of harsher treatment if she insisted on proceeding to trial. This court affirmed the denial of the motion without prejudice for appellant to refile a properly sworn motion in compliance with rule 3.850 within 60 days. See Melton v. State, 720 So.2d 577 (Fla. 1st DCA 1998). In appellant’s subsequent motion, she pointed to specific statements in the record that she claimed demonstrated that the *88 trial court threatened her with a longer sentence and precluded her from calling certain witnesses on her behalf if she proceeded to trial. The court below summarily denied appellant’s motion without a hearing, finding that appellant had misconstrued the trial court’s statements and that the trial court had not threatened harsher treatment. The judge attached portions of the transcript reflecting the statements made to appellant by the court at the time of her plea.
We find that appellant’s allegations raise factual issues that are not conclusively rebutted by the record. Cf. Shell v. State, 501 So.2d 1334, 1336 (Fla. 2d DCA 1987) (finding that the test for determining whether a defendant may withdraw his plea by reason of mistaken advice of counsel is whether defendant had established that he was prejudiced by an honest misunderstanding which contaminated the vol-untariness of the plea). The trial judge should not have resolved factual questions adversely to appellant without first holding an evidentiary hearing. See e.g. Bray v. State, 742 So.2d 804, 804 (Fla. 1st DCA 1998) (requiring an evidentiary hearing where there is an unresolved issue of fact).
Accordingly, we REVERSE and REMAND for the trial court to conduct an evidentiary hearing. The trial court may reconsider appointing counsel for such hearing pursuant to appellant’s request accompanying her original 3.850 motion. See e.g. Johnson v. State, 711 So.2d 112, 115 (Fla. 1st DCA 1998).
KAHN, BENTON, and VAN NORTWICK, JJ., concur.