SCHWARTZ, Chief Judge.
This is an appeal from an order denying the defendant post-conviction relief from five convictions and sentences entered on guilty pleas in 1985. We reverse.
The substantive offenses charged against Wilson in case numbers 85-5518 (carrying a concealed firearm), 85-7625 (armed robbery), 85-7884 (armed robbery), 85-19261 (aggravated assault), and 85-12883D (escape) also constituted violations of the community control portion of Youthful Offender Act (Y.O.A.) sentences imposed in two 1982 prosecutions, involving charges of burglary of a dwelling, grand theft second degree, and unlawful possession of a firearm (case numbers 82-4767, 82-13209A). Before Wilson pled to violation of community control in the 1982 cases and to the substantive 1985 cases, he was informed that he faced a maximum sentence of sixty-five years on the violation of the Y.O.A. charges. On that basis, and with that understanding, he entered into a package deal in which he agreed to plead guilty to all of the offenses in return for what were thought to be reduced sentences of thirty years on the violation of the 1982 Y.O.A. convictions and a concurrent thirty-five years on the 1985 charges. He has been in state prison ever since.
In fact, both the representation about the sixty-five-year exposure and the actual sentences of thirty years in the Y.O.A. cases were directly contrary to the applicable law. As established by the Supreme Court in State v. Amette, 604 So.2d 482 (Fla.1992), on the dates in question here, no more than six-year concurrent sentences could be lawfully imposed. Amette, 604 So.2d at 482; Allen v. State, 526 So.2d 69 (Fla.1988).[1] After initially resisting a 3.800 motion filed by Wilson in 1999, to correct the Y.O.A. sentences, the prosecution correctly conceded that it was well-founded. Accordingly, on January 14, 2000, the trial court duly reduced the Y.O.A. sentences from thirty years to the six-year lawful maximum.
In the present case, filed thereafter on October 2, 2001,[2] Wilson sought 3.850 relief *1272 from the 1985 substantive sentences on the quite obvious ground that the pleas in those cases had been induced by the total misadvise as to his possible sentence and the actual missentences in the Y.O.A. cases. The undisputed facts clearly establish the accuracy of this contention, and that Wilson is entitled to relief as a matter of law on that basis. See Kemner v. State, 770 So.2d 276 (Fla. 4th DCA 2000); Bennett v. State, 724 So.2d 161 (Fla. 5th DCA 1998); Little v. State, 673 So.2d 151 (Fla. 1st DCA 1996); Kelly v. State, 623 So.2d 619 (Fla. 4th DCA 1993). The order under review is therefore reversed and the cause is remanded with directions to permit him to withdraw his pleas in case numbers 85-5518, 85-7625, 85-7884, 85-19261 and 85-12883D.[3]
Reversed and remanded.

. The sentencing consequences of violating Y.O.A. community control have since been amended on several occasions. See State v. Meeks, 789 So.2d 982 (Fla.2001); Johnson v. State, 678 So.2d 934 (Fla. 3d DCA 1996).

. The petition was timely filed within the two-year period provided by Rule 3.850(b)(1) from *1272 the date that the Y.O.A. sentences were "newly discovered” to be erroneous by their correction of record on January 14, 2000. Graddy v. State, 685 So.2d 1313 (Fla. 2d DCA 1996).

. No evidentiary hearing is required.