834 So.2d 226 (2002)
Louis JONES, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-4210.
District Court of Appeal of Florida, Second District.
October 23, 2002.
Louis Jones, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ronald Napolitano, Assistant Attorney General, Tampa, for Appellee.
NORTHCUTT, Judge.
Louis Jones challenges the denial of his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, which alleged that his plea was involuntary because it was based on his trial attorneys' mistaken advice that he would receive one-third gain time off his sentence if he entered the plea. We reverse and direct the circuit court to allow Jones to withdraw his plea and proceed to trial.
Jones pleaded guilty to two counts of burglary and two counts of sexual battery under an agreement calling for a 22-year sentence concurrent with a sentence imposed in the State of Georgia. One of the sexual battery offenses occurred on October 22, 1991, and the other on April 29, 1993. After Jones entered prison, the Department of Corrections informed him that he was ineligible for one-third basic gain time for a sexual battery offense committed after October 1, 1992. See § 794.011(7), Fla. Stat. (1992). Jones's trial counsel investigated the matter and advised him that he was ineligible for gain time for the 1993 sexual battery and that he could withdraw his guilty plea and go to trial.
Jones filed a rule 3.850 motion in January 1998. At an evidentiary hearing on the motion one of his trial attorneys, Violet Assaid, testified that when Jones was considering the proposed plea agreement she telephoned the Department of Corrections to inquire about Jones's eligibility for gain time. She was advised that Jones would be eligible for gain time, and she passed this information on to him. Assaid recalled *227 that she made no personal assurances that Jones would receive one-third gain time off his sentence, but she conceded that their discussion probably led Jones to believe this. Jones's other trial counsel, Bob McClure, testified that he remembered telling Jones that he would receive one-third gain time off his sentence if he took the plea deal. He did not think that he and Assaid made Jones aware that there would be a distinction between the sexual battery and the other offenses. Jones testified that he agreed to enter the plea because of the promise of the one-third gain time credit.
Notwithstanding this testimony, the court denied Jones's motion. The court concluded that Jones entered a best interest plea with knowledge of paragraph 5 of the change of plea form, which read:
I understand that, depending upon the nature of the offense(s) to which I am changing my plea, and/or upon the nature of any prior convictions, I may NOT be eligible for certain credits which shorten the length of the sentence imposed. The credits to which I may NOT be entitled to include, but are not limited to, control release date (CRD) credits, and/or awards(s) of gain time while I am in prison. I further understand that I may serve more time on my sentence than I would if I were not convicted of offense(s) of a nature such as these.
Further, the court noted that the sentencing judge had specifically inquired about this subject. The transcript of the plea colloquy reflects that the judge asked Jones, "Did Ms. Assaid and Mr. McClure tell you that while in prison you might not get all the good and gain time that an ordinary convict gets?" Jones responded, "Yes, sir."
Counsel's misrepresentations about sentence length or eligibility for gain time can form the basis for postconviction relief in the form of leave to withdraw a guilty plea. State v. Leroux, 689 So.2d 235, 236 (Fla.1996); Simmons v. State, 611 So.2d 1250 (Fla. 2d DCA 1992). Here, neither the generic statement in the change of plea form, which merely advised that "depending on the nature of the offense(s)" the defendant "may not" receive "certain credits" against his sentence, nor the sentencing court's vague inquiry whether Jones had been advised that he "might not" get "all" the gain time an ordinary convict receives, contradicted Jones's proof that he relied on his attorneys' mistaken advice that he would receive one-third gain time for his offenses. See Leroux, 689 So.2d at 237 (acknowledging that when responding negatively to sentencing court's question whether any promises have been made to induce the defendant's plea, defendant may not appreciate that reference includes his attorney's expert advice about length of time he will serve); Hoch v. State, 679 So.2d 847 (Fla. 2d DCA 1996) (same). Thus, the uncontradicted evidence proved Jones's entitlement to withdraw his plea.
We note that Jones, a pro se litigant, may not fully appreciate the ramifications of prevailing in this matter. "When an accused voluntarily chooses to reject or withdraw from a plea bargain, he retains no right to the rejected sentence. Having rejected the offer of a lesser sentence, he assumes the risk of receiving a harsher sentence." Mitchell v. State, 521 So.2d 185, 187 (Fla. 4th DCA 1988) (citation omitted).
Reversed and remanded with instructions that the court permit Jones to withdraw his plea and proceed to trial.
CASANUEVA and SILBERMAN, JJ., concur.