862 So.2d 924 (2003)
Michael A. ANDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-1202.
District Court of Appeal of Florida, Second District.
December 12, 2003.
Rehearing Denied January 12, 2004.
COVINGTON, Judge.
Michael A. Anderson appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We agree with the trial court that his motion is untimely, but for different reasons, and we affirm.
In 1993, after pleading guilty in seven criminal cases, Anderson was sentenced as a habitual felony offender to a true split sentence of ten years in prison suspended after five years with the remaining five years to be served on probation. In 1995, after violating probation, Anderson was sentenced as a habitual felony offender to the suspended five years in prison with the sentencing court awarding credit for all time previously served in the Department of Corrections (DOC) prior to resentencing. Pursuant to that award of prior prison time served, the DOC applied against his sentence of five years a credit of 644 days of time previously served in prison. However, in November 1999, the DOC revoked the credit on the authority of Roberts v. State, 702 So.2d 239 (Fla. 2d DCA 1997).
On January 27, 2003, Anderson filed this motion seeking relief from the revocation of the prison credit and alleging timeliness due to newly discovered evidence. The trial court found that after September 1997 Anderson's motion would be untimely since it was not filed within two years of the date when the time period for taking an appeal of his 1995 judgments and sentences had expired and the judgments and sentences became final. See McGee v. State, 684 So.2d 241, 242 (Fla. 2d DCA 1996).
*925 However, at the time his 1995 judgments and sentences became final, Anderson had no way of knowing that later the DOC would revoke the prison credit previously recognized. Once that occurred in November 1999, Anderson had two years from that date to file a rule 3.850 motion containing a claim based on the revocation of prison credit. See Graddy v. State, 685 So.2d 1313, 1314 (Fla. 2d DCA 1996). Any motion filed after November 2001 would be untimely. Anderson did not file his motion until 2003. Consequently, his motion is untimely.
Affirmed.
CANADY and VILLANTI, JJ., Concur.