868 So.2d 632 (2004)
James Ray SPRADLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-3461.
District Court of Appeal of Florida, Second District.
March 12, 2004.
CASANUEVA, Judge.
James Ray Spradley appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. According to Spradley, he served fifteen years in prison followed by fifteen years' probation. He subsequently violated his probation, and pursuant to a negotiated plea agreement, he pleaded guilty and was sentenced to twenty-seven years in prison with credit for time served.
In his motion, Spradley alleged that his counsel misadvised him that, upon sentencing for the violation of probation, he would receive credit for all previously earned gain time when the Department of Corrections (DOC) applied the credit for time served. Spradley sought to withdraw his plea, claiming that had he known that he would not receive the previously earned *633 gain time, he would not have pleaded guilty to violating his probation.
Counsel's misrepresentation about the length of sentence or eligibility for gain time can form the basis for postconviction relief in the form of leave to withdraw a guilty plea. See Jones v. State, 834 So.2d 226 (Fla. 2d DCA 2002). However, the trial court denied Spradley's claim because the motion was untimely; Spradley's judgment and sentence became final in February 2001, and he did not file the motion until April 2003.
Spradley filed a motion for rehearing, alleging that he did not discover that the DOC had forfeited his gain time until July 2001 when the DOC responded to his administrative grievance in which he sought information about the application of his previously earned gain time. Therefore, he claimed he had until July 2003 to file his rule 3.850 motion. The trial court denied the motion for rehearing, finding no legal reason compelling a rehearing.
Spradley could not have known about the DOC's forfeiture of gain time at the time of sentencing if he had not been advised of the possibility of forfeiture by counsel or the trial court. Spradley did not discover that his gain time had been forfeited until he filed administrative grievances with the DOC. Once the DOC responded and informed him of the forfeiture, Spradley had two years to file a rule 3.850 motion based on this newly discovered information. See Anderson v. State, 862 So.2d 924 (Fla. 2d DCA 2003); Graddy v. State, 685 So.2d 1313, 1314 (Fla. 2d DCA 1996). However, Spradley's motion for rehearing, which alleged these additional facts, was not under oath, and therefore the trial court was not required to consider the motion for rehearing. See Melton v. State, 720 So.2d 577 (Fla. 1st DCA 1998).
Accordingly, we affirm the trial court's order denying Spradley's rule 3.850 motion. Our affirmance is without prejudice to Spradley's right to file a facially sufficient rule 3.850 motion, within sixty days of the date of the mandate in this proceeding, based on newly discovered evidence of counsel's misadvice. Such motion shall not be deemed successive.
Affirmed.
WHATLEY and WALLACE, JJ., concur.