891 So.2d 1066 (2004)
Marty J. HALL, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-1963.
District Court of Appeal of Florida, Second District.
November 19, 2004.
Michael V. Giordano, Tampa, for Appellant.
PER CURIAM.
Marty J. Hall seeks review of the order summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse.
On August 29, 1995, Hall pleaded guilty to one count of second-degree murder. He was sentenced on October 9, 1995, to thirty years in prison followed by five years of probation. Therefore, his judgment and sentence became final on November 8, 1995. Under rule 3.850, Hall had until November 8, 1997, to file a motion *1067 for postconviction relief. He filed this motion on October 14, 2002.
In his motion, Hall alleged that it was not until he received an incentive gain time credit report on October 8, 2002, that he discovered that he had not received any basic gain time credits. He maintains that counsel assured him that he would receive these credits if he accepted the State's plea offer. Hall now contends that he would not have pleaded guilty if he had known that he would not receive any basic gain time credits. Nonetheless, the trial court denied relief because "the defendant fail[ed] to allege that the facts on which his claim is predicated were previously unknown to him and could not have been ascertained by the exercise of due diligence."
In Spradley v. State, 868 So.2d 632 (Fla. 2d DCA 2004), this court confronted a strikingly similar situation. Spradley alleged that his counsel misadvised him that he would receive credit for previously earned gain time upon sentencing for a violation of probation. Spradley sought to withdraw his plea, claiming that had he known that he would not receive the previously earned gain time, he would not have pleaded guilty to violating his probation. Because counsel's misrepresentation about the length of a sentence of eligibility for gain time can form the basis for a defendant to withdraw a guilty plea, a motion filed pursuant to rule 3.850 is the correct vehicle to seek such relief. See Jones v. State, 834 So.2d 226 (Fla. 2d DCA 2002). The trial court, though, denied Spradley's motion as untimely because it was filed outside of the two-year period for filing a motion for postconviction relief.
This court concluded that Spradley could not have known about the Department of Corrections' (DOC) forfeiture of gain time at the sentencing if he had not been advised of the possibility of forfeiture by counsel or the trial court. Like Hall, Spradley did not discover that his gain time had been forfeited until he filed administrative grievances with the DOC. Once the DOC responded and informed him of the forfeiture, Spradley had two years to file a rule 3.850 motion based on this newly discovered information. See Spradley, 868 So.2d at 633; Anderson v. State, 862 So.2d 924 (Fla. 2d DCA 2003); Graddy v. State, 685 So.2d 1313, 1314 (Fla. 2d DCA 1996).
Based on this court's reasoning in Spradley, Hall's motion for postconviction relief was timely filed. We therefore reverse the order of the trial court and remand with instructions that the trial court address the merits of Hall's motion.
Reversed and remanded.
FULMER, STRINGER, and VILLANTI, JJ., concur.