909 So.2d 597 (2005)
Heriberto GALINDEZ, Appellant,
v.
STATE of Florida, Appellee.
No. 2D04-5794.
District Court of Appeal of Florida, Second District.
September 2, 2005.
PER CURIAM.
Heriberto Galindez seeks review of an order denying as untimely his motion under Florida Rule of Criminal Procedure 3.850. In the motion, Galindez claims he received ineffective assistance of counsel with respect to a plea resulting in a judgment dated November 16, 2001. The circuit court ruled that the motion was untimely *598 because it was not filed within two years from December 15, 2001, the date the judgment became final. We reverse.
In the motion, Galindez alleges that his counsel failed to inform him that despite inclusion in the judgment of a provision concerning gain time, the Department of Corrections (DOC) could forfeit gain time based on his violation of probation. See § 944.28, Fla. Stat. (2004). Galindez attached to his motion his request to DOC for a computation of his sentence including gain time and the DOC's response, which was dated April 23, 2002. The order of the circuit court denying Galindez's rule 3.850 motion states that the motion was filed on April 5, 2004.
Under virtually identical circumstances, this court has twice held that the triggering event for the two-year period in which to file a rule 3.850 motion is not the date of the judgment in the criminal proceeding in which the prisoner pleaded, but the date on which the DOC informed the prisoner of the gain time forfeiture and that the DOC determination of gain time constituted newly discovered information within the meaning of rule 3.850(b)(1). Hall v. State, 891 So.2d 1066 (Fla. 2d DCA 2004); Spradley v. State, 868 So.2d 632 (Fla. 2d DCA 2004). Galindez's motion was filed on April 5, 2004, within two years of April 23, 2002, the undisputed date that DOC informed him of his gain time forfeiture. The motion is timely.
Accordingly, we reverse the order of the circuit court and remand the matter for consideration of Galindez's motion.
Reversed and remanded.
FULMER, C.J., and KELLY and VILLANTI, JJ., Concur.