958 So.2d 1086 (2007)
Glenn BEASLEY, Appellant,
v.
STATE of Florida, Appellee.
No. 2D06-4427.
District Court of Appeal of Florida, Second District.
June 20, 2007.
DAVIS, Judge.
Glenn Beasley appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm all claims but one without comment. Because the record is insufficient to refute Beasley's claim of an involuntary plea based on counsel's alleged misadvice, we reverse and remand that single claim for further proceedings.
Beasley pleaded nolo contendere to a count of robbery in 1992. Beasley contends that, although he received twenty years' prison with a three-year minimum mandatory, his counsel, the assistant state attorney, and the trial judge informed him that he would serve only ten yearsat which point his earned gain time would provide for his release as a "free man" with no conditions. Beasley claims he served nine years, ten months, and seven days in prison, and then he was released with conditions. Sometime thereafter, Beasley violated the conditions of his release and was returned to prison.
Beasley asserts that on April 7, 2004, the Department of Corrections (DOC) informed him that his earned gain time would be revoked and that he would serve a total of approximately sixteen years in prison (including the time already served). In his rule 3.850 motion and amended motion, Beasley contends that this April 7, 2004, discovery constitutes newly discovered evidence to demonstrate ineffective assistance of counsel due to both counsel's affirmative misadvice as to the length of Beasley's imprisonment and counsel's failure to advise him of the possible forfeiture of gain time following a violation of a condition of release. Beasley further contended counsel's errors rendered his plea involuntary because he would have insisted on going to trial had he been correctly advised.
The postconviction court summarily denied Beasley's motions, finding that they were untimely filed. In response to this court's order, the State concedes that this was error.
[T]he triggering event for the two-year period in which to file a rule 3.850 motion is not the date of the judgment in the criminal proceeding in which the prisoner pleaded, but the date on which the DOC informed the prisoner of the gain time forfeiture and that the DOC *1088 determination of gain time constituted newly discovered information within the meaning of rule 3.850(b)(1).
Galindez v. State, 909 So.2d 597, 598 (Fla. 2d DCA 2005) (reviewing prisoner's claim of ineffective assistance of counsel due to counsel's failure to adequately inform him that the DOC could forfeit his earned gain time based on a violation of probation); see also Hall v. State, 891 So.2d 1066 (Fla. 2d DCA 2004); Spradley v. State, 868 So.2d 632 (Fla. 2d DCA 2004). Consequently, Beasley's September 28, 2004, motion and his September 29, 2005, amended motion are not untimely with respect to this claim. Moreover, the limited record before this court is insufficient to conclusively refute Beasley's claim of misadvice. Accordingly, we reverse the denial of this claim and remand. On remand, the postconviction court may attach portions of the record to conclusively refute Beasley's claim or, if necessary, hold an evidentiary hearing.
Affirmed in part, reversed in part, and remanded.
SALCINES and WALLACE, JJ., Concur.