964 So.2d 209 (2007)
David S. LOGAN, Appellant,
v.
STATE of Florida, et al., Appellee.
No. 5D06-4072.
District Court of Appeal of Florida, Fifth District.
August 24, 2007.
David S. Logan, Orlando, pro se.
Bradley R. Bischoff, of Florida Parole Commission, Tallahassee, for Appellee, Florida Parole Commission.
No appearance for Appellee, State of Florida.
LAWSON, J.
David S. Logan appeals from an order denying his petition for writ of habeas *210 corpus. In his petition, Logan sought to challenge the Florida Parole Commission's determination that he was to be released from prison to conditional release supervision pursuant to section 947.1405, Florida Statutes (2006). Finding that habeas was not the proper remedy (since Logan was not seeking to test the legality of his then-current imprisonment), the trial court denied the petition without considering Logan's challenge to the conditional release supervision determination.[1] We have treated Logan's petition as seeking the appropriate remedy, have considered it on the merits, and find that Logan is not entitled to relief. Therefore, we affirm.
Conditional release "is an additional post-prison supervision program for certain types of offenders that the legislature has determined to be in need of further supervision after release." Rivera v. Singletary, 707 So.2d 326, 327 (Fla.1998). The conditional release statute was enacted in 1988. Ch. 88-122, §§ 10, 19-20, Laws of Florida. Prior to enactment of this statute, when an inmate was released from state custody before the end of the pronounced prison term based upon the application of "gain time," the sentence simply expired and the prisoner was considered to have completed his or her sentence in full. Lincoln v. Florida Parole Commission, 643 So.2d 668, 670 (Fla. 1st. DCA 1994). The same is true today for inmates who do not meet the criteria for conditional release. Id. However, inmates who do meet the statutory conditional release criteria are released to community supervision for a period equal to the amount of gain time earned while incarcerated. Mayes v. Moore, 827 So.2d 967, 971-972 (Fla.2002). If they violate a condition of release prior to the expiration of their full, pronounced prison term, gain time and release are revoked and they may be re-incarcerated for the balance of their sentence. Id.
A prisoner or releasee who is not claiming entitlement to immediate release from incarceration may challenge the Parole Commission's determination that he or she meets the statutory criteria for conditional release by petition for writ of mandamus. Wesley v. State, 848 So.2d 1231 (Fla. 2d DCA 2003); cf. Bush v. State, 945 So.2d 1207 (Fla.2006). Although Logan should have filed a petition for writ of mandamus, the trial court should have treated his petition as seeking the proper remedy, rather than summarily denying it for applying the wrong label. Ashley v. Moore, 732 So.2d 498 (Fla. 1st DCA 1999); Fla. R.App. P. 9.040(c).[2]
Regardless, we conclude from our review of Logan's petition that he is not entitled to relief. Logan appears to qualify for conditional release treatment, and nowhere alleges that he does not meet the statutory criteria for conditional release. Rather, Logan seems to be laboring under the misimpression that he cannot be placed on conditional release because the trial court did not order it at *211 the time of his sentencing. Unlike probation, conditional release is not part of a criminal sentence. Mayes, 827 So.2d at 971. It, therefore, cannot be mandated or waived by the sentencing judge. Id. Rather, "[a]n inmate's eligibility for conditional release is established by statute." Id. Because Logan fails to allege that he does not meet the statutory criteria for conditional release, he fails to state any legitimate basis to challenge the Parole Commission's determination that he meets the criteria. As such, Logan's petition should have been denied on the merits.
AFFIRMED.
SAWAYA and MONACO, JJ., concur.
NOTES
[1] Logan's petition is not a model of clarity. The same is true of his brief on appeal. From Logan's filings it is not altogether clear whether Logan was awaiting release from his original sentence, or already under conditional release supervision, at the time that he filed his habeas petition. However, the trial court's determination that Logan was not claiming a right to immediate release from incarceration appears to be correct.
[2] Additionally, we note that the petition should have been transferred to the circuit court sitting in Leon County, in the second judicial circuit, where venue properly lies for actions challenging a determination by the Parole Commission. Cf. Bush, 945 So.2d at 1211-1214. However, the Commission apparently waived its home venue privilege below.