976 So.2d 700 (2008)
Stephon BOYKINS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-2087.
District Court of Appeal of Florida, Second District.
March 26, 2008.
SILBERMAN, Judge.
Stephon Boykins appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. The State properly concedes error. Therefore, we reverse and remand for further proceedings.
In 1992, a jury found Boykins guilty of robbery with the use of a firearm. The trial court sentenced him to twenty years' imprisonment with a three-year minimum mandatory. This court affirmed his judgment and sentence on direct appeal. See Boykin v. State, 676 So.2d 418 (Fla. 2d DCA 1996) (table). In 1998, Boykins filed a rule 3.850 motion which the postconviction court denied. On appeal, this court affirmed in part and reversed in part, concluding that the postconviction court erred in denying one of Boykins' claims as facially insufficient. See Boykin v. State, 725 So.2d 1203, 1203 (Fla. 2d DCA 1999). On remand in 1999, the postconviction court allowed Boykins to enter a new guilty plea to the robbery charge in exchange for a *701 sentence of twenty years' imprisonment with a three-year minimum mandatory.
Boykins filed his present rule 3.850 motion in December 2006, claiming that his 1999 plea was involuntary because it was entered based on counsel's affirmative misadvice. He asserted that the court offered him two sentencing options in exchange for a guilty plea: fifteen years' imprisonment as a habitual felony offender (HFO) or twenty years' imprisonment with no HFO designation. He claimed he opted for the twenty-year sentence on counsel's advice that with earned gain time he would serve a shorter term than a day-for-day fifteen-year HFO sentence.
Boykins alleged that counsel failed to inform him that eventually he would be placed on conditional release and that any violation of conditional release could subject him to a loss of gain time, resulting in his having to complete the twenty-year sentence. Boykins stated that he was placed on conditional release in 2003 and then violated the terms of that release in 2005. Upon his return to prison, he learned that the Department of Corrections (DOC) had forfeited his earned gain time. Boykins claimed that had he known of the possible forfeiture of gain time when he pleaded guilty, he probably would have chosen the fifteen-year HFO sentence or might instead have opted to go to trial because there was a reasonable probability that he would have been convicted of a lesser charge.
The postconviction court summarily denied Boykins' rule 3.850 motion, finding that it was untimely because it was not filed within two years of Boykins' 1999 judgment and sentence. On appeal, the State concedes error based on Beasley v. State, 958 So.2d 1086 (Fla. 2d DCA 2007).
In Beasley, this court reiterated the following:
[T]he triggering event for the two-year period in which to file a rule 3.850 motion is not the date of the judgment in the criminal proceeding in which the prisoner pleaded, but the date on which the DOC informed the prisoner of the gain time forfeiture and that the DOC determination of gain time constituted newly discovered information within the meaning of rule 3.850(b)(1).
Id. at 1087-88 (quoting Galindez v. State, 909 So.2d 597, 598 (Fla. 2d DCA 2005)); see also Hall v. State, 891 So.2d 1066 (Fla. 2d DCA 2004); Spradley v. State, 868 So.2d 632 (Fla. 2d DCA 2004). Because Boykins claimed that he did not learn that the DOC had forfeited his gain time until he was returned to prison in 2005, his 2006 rule 3.850 motion was timely filed.
Accordingly, we reverse the denial of Boykins' motion and remand for the postconviction court to consider the merits of his allegations.
Reversed and remanded for further proceedings.
CASANUEVA and SALCINES, JJ., Concur.