977 So.2d 776 (2008)
Ceasar DOUGLAS, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-1990.
District Court of Appeal of Florida, Second District.
March 28, 2008.
*777 SILBERMAN, Judge.
Ceasar Douglas appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for the postconviction court to dismiss Douglas's motion without prejudice to any right Douglas might have to file a facially sufficient motion.
In 1992, Douglas pleaded nolo contendere to one count of sexual battery and was sentenced to fifteen years' imprisonment. In his postconviction motion, he alleges that his counsel informed him that his actual sentence would be shorter because he would earn gain time. Douglas alleges that he was released from prison on conditional release in 1998 and again in 2005. Although he does not provide details in his motion, he filed a brief with this court indicating that in 1999 he was arrested for a new offense and was incarcerated to finish his original sentence. Then, after his conditional release in 2005, he again was arrested and sent back to prison.
In his postconviction motion, Douglas asserts that as a result of violating conditional release, his gain time was forfeited and he had to complete the full fifteen-year sentence. He states that he did not learn of the gain time forfeiture until October 17, 2006, and contends that this constitutes newly discovered evidence of his counsel's ineffective representation. He states that his attorney misrepresented the potential length of his imprisonment and also failed to advise him of the possible forfeiture of gain time for violation of conditional release. He concludes that counsel's errors rendered his plea involuntary because he would have gone to trial if he had been correctly advised.
The postconviction court summarily denied Douglas's motion, finding that it was untimely under rule 3.850. The court stated that Douglas should have filed the motion within two years of his 1992 judgment and sentence becoming final. As to Douglas's argument concerning newly discovered evidence, the court observed that Douglas "provides no explanation for why, by the exercise of due diligence, he could not have learned" of the forfeiture of his gain time prior to October 17, 2006. The court noted that Douglas had previously been released on conditional release and then returned to prison and that "[t]here is no accounting for the more than six-year delay."
In Galindez v. State, 909 So.2d 597, 598 (Fla. 2d DCA 2005), this court reiterated that
the triggering event for the two-year period in which to file a rule 3.850 motion is not the date of the judgment in the criminal proceeding in which the prisoner pleaded, but the date on which the DOC informed the prisoner of the gain time forfeiture and that the DOC determination of gain time constituted *778 newly discovered information within the meaning of rule 3.850(b)(1).
See also Beasley v. State, 958 So.2d 1086, 1087-88 (Fla. 2d DCA 2007) (following Galindez, 909 So.2d at 598); Hall v. State, 891 So.2d 1066, 1067 (Fla. 2d DCA 2004) (noting that the two-year period began to run once the Department of Corrections informed the defendant of the forfeited gain time); Spradley v. State, 868 So.2d 632, 633 (Fla. 2d DCA 2004) (same). Accordingly, Douglas's motion may be timely.
We conclude, however, that Douglas's motion is not facially sufficient. As noted by the postconviction court, Douglas had been previously released on conditional release and then returned to prison. Douglas provides no information explaining why he did not know or could not have known of the forfeiture of his gain time when in 1998 he had been conditionally released and later returned to prison to complete his sentence, apparently after violating the terms of his conditional release.
In Douglas's sworn brief filed in this court, he alleges additional facts relating to his claim. We cannot consider that information because he did not include it in his postconviction motion or supporting memorandum. See Garnto v. State, 830 So.2d 901, 902 (Fla. 2d DCA 2002).
Because Douglas's motion is facially insufficient, we reverse the order denying the motion and remand for the postconviction court to enter an order dismissing the motion without prejudice for Douglas to file a facially sufficient motion.
Reversed and remanded.
WHATLEY and DAVIS, JJ., Concur.