981 So.2d 606 (2008)
David L. DWYER, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-2824.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
*607 Mary Elizabeth Fitzgibbons, Kissimmee, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Myra J. Fried, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant[1] appeals the summary denial of his rule 3.850 motion for post-conviction relief. He argues that his 2001 plea agreement to a sentence of twenty-four years prison-time-only was breached when he was placed on probation prior to the end of his sentence.[2] Alternatively, the defendant argues that he was not informed by counsel as to the direct consequences of his plea. We affirm the trial court's order denying the defendant's request for post-conviction relief as untimely.
On June 1, 2001, the defendant entered into a negotiated plea and the court sentenced him to twenty-four years in prison with credit for ten years he had already served. He did not appeal the new judgment. On April 26, 2007, after placement on conditional release and subsequent revocation, the defendant filed a motion for post-conviction relief, pursuant to Rule 3.850 of the Florida Rules of Criminal Procedure. He alleged that his plea was involuntary because he negotiated a "prison-only" sentence. He claimed that he *608 was never informed by his counsel or the State that he would have to finish his prison term on probation. He suggests that had he known that fact, he would not have entered the plea.
He claimed that he had turned down a fifteen-year prison sentence because it was to be followed by ten years probation. His counsel and the State then negotiated a twenty-four year habitual felony offender sentence because it would result in only a small amount of prison time because of his accrued gain time. According to the defendant, he was advised three days before his release date that he would be placed on probation for the remaining four and a half years of his prison sentence. He was actually placed on conditional release, which he subsequently violated.
He claimed his post-conviction relief motion was timely because his placement on conditional release was newly discovered evidence that he could not have ascertained in 2001 since he could not predict what the Department of Corrections would do. Without addressing the issue of timeliness, the trial court denied the motion without a hearing on the basis that the defendant was not placed on probation, did not present any evidence that he was placed on probation, and there was therefore no violation of the plea agreement.
The defendant continues to argue in this appeal that his motion was timely and that defense counsel failed to inform him of the direct consequences of his plea. The State responds that the claim is time-barred because it was not raised until 2007, six years after his sentence became final. Alternatively, the State responds that the defendant wasn't placed on probation, but rather placed on conditional release which is statutorily-mandated. See §§ 947.1405, 947.141, Fla. Stat. (2000).
Ordinarily, a rule 3.850 motion must be filed within "two years of the judgment and sentence becoming final in a noncapital case." Fla. R.Crim. P. 3.850(b). There are three exceptions to this rule, one of which occurs when "the facts on which the claim is predicated were unknown to the movant or the movant's attorney and could not have been ascertained by the exercise of due diligence. . . ." Fla. R.Crim. P. 3.850(b)(1). It is this exception upon which the defendant relies.
We agree with the State however that the defendant's motion is time-barred. First, the defendant does not even allege that the requirement of conditional release could not have been discovered within two years of his sentence. He simply suggests that he could not predict what the Department of Corrections would ultimately do in the future. The reality is that conditional release has been statutorily mandated for cases such as the defendant's since 1988. Ch. 88-122, § 10, at 538, §§ 19-20, at 542-44, Laws of Fla.
Conditional release "is an additional post-prison supervision program for certain types of offenders that the legislature has determined to be in need of further supervision after release." . . . Prior to enactment of this statute, when an inmate was released from state custody before the end of the pronounced prison term based upon the application of "gain time," the sentence simply expired and the prisoner was considered to have completed his or her sentence in full. The same is true today for inmates who do not meet the criteria for conditional release. However, inmates who do meet the statutory conditional release criteria are released to community supervision for a period equal to the amount of gain time earned while incarcerated. If they violate a condition of release prior to the expiration of their full, pronounced prison term, gain time and release are revoked and they may be re-incarcerated for the balance of their sentence.
*609 See Logan v. State, 964 So.2d 209, 210 (Fla. 5th DCA 2007) (citations omitted). The difference between probation and conditional release is important. Unlike probation, which is part of a sentence, conditional release is a legally-mandated substitute for sentenced, in-custody time. Id. at 211 (citing Mayes v. Moore, 827 So.2d 967, 971 (Fla.2002)).
Conditional release is neither a fact nor "newly discovered." Rather, it is an application of long-standing statutory law. For this reason, the defendant's reliance on the exception to the two-year time bar is misplaced.
We are aware that the Second District Court of Appeal has reached contrary conclusions in Douglas v. State, 977 So.2d 776 (Fla. 2d DCA 2008) (noting the motion may be timely, but remanding for dismissal without prejudice due to the facial insufficiency of the motion); Boykins v. State, 976 So.2d 700 (Fla. 2d DCA 2008) (reversing denial of post-conviction relief based upon State's concession of error on issue of timeliness); and Beasley v. State, 958 So.2d 1086 (Fla. 2d DCA 2007) (reversing denial of post-conviction relief based upon state's concession of error on issue of timeliness). In these cases, the Second District held that the date the defendant discovered that his gain time had been forfeited due to his violation of conditional release constituted newly discovered information within the meaning of rule 3.850(b)(1). We simply disagree and thereby certify conflict with the Second District in Douglas, Boykins, and Beasley.
Because the defendant's motion for post-conviction relief was untimely, we affirm.
SHAHOOD, C.J., and POLEN, J., concur.
NOTES
[1] All of the pleadings to this Court were in the name of David R. Dwyer; however, the correct name as reflected by the pleadings in the trial court is David L. Dwyer.
[2] The defendant refers to probation in his pleadings. Actually, the Department of Corrections placed the defendant on statutorily-mandated conditional release for the remaining term of his sentence after having given the defendant credit for gain time earned.