983 So.2d 635 (2008)
Henry WAINWRIGHT, Appellant,
v.
STATE of Florida, Appellee.
No. 4D07-3069.
District Court of Appeal of Florida, Fourth District.
May 14, 2008.
Henry Wainwright, Miami, pro se.
*636 Bill McCollum, Attorney General, Tallahassee, and Jeanine M. Germanowicz, Assistant Attorney General, West Palm Beach, for appellee.
GROSS, J.
This case concerns a defendant who attacked his 1990 plea as involuntary in a post conviction relief motion filed in 2005. We hold that the motion was untimely filed.
On November 20, 1990, Henry Wainwright pleaded guilty to three felonies. The court sentenced him to three concurrent sentences of 15 years in prison.
After serving 8.5 years of his concurrent 15 year sentences, Wainwright was conditionally released from custody of the Department of Corrections on July 6, 1999. Section 947.1405, Florida Statutes (2007) establishes the conditional release program. The statute requires "conditional release offenders" be "intensive[ly]" supervised "by experienced correctional probation officers." § 947.1405(8), Fla. Stat. (2007). If an offender is found to have violated conditional release, his conditional release may be revoked and he may be returned to prison "to serve the sentence imposed." § 947.141(4), Fla. Stat. (2007). Also, if conditional release has been revoked, and the "releasee is ordered to be returned to prison," the releasee "shall be deemed to have forfeited all gain time . . . earned up to the date of release." § 947.141(6), Fla. Stat. (2007).
Over six years after his conditional release, on December 2, 2005, Wainwright was arrested for violating the conditions of his release. His conditional release was revoked. In February, 2006, the Department of Corrections informed him that his gain time earned before his conditional release had been forfeited.
On May 24, 2006, Wainwright filed a motion for post conviction relief under Florida Rule of Criminal Procedure 3.850 attacking his 1990 plea. Boiled down to its essence, the motion claimed that the sentencing judge, the state attorney, and his own attorney told him at sentencing that he would serve "eight or nine" years and then be released; he was never told that he would be released with conditions. Wainwright said that he accepted the plea based "upon the judge's assurance" that after he was released his sentence would end. Wainwright also faults his lawyer for failing to explain that his early release from prison would be conditional, and that it was possible that he could forfeit all earned gain time. Had Wainwright known these things, he would have exercised his right to a trial and not entered into a plea agreement with the state.
The circuit court summarily denied Wainwright's motion.
Generally, a rule 3.850 motion must not be filed more "than 2 years after the judgment and sentence became final in a noncapital case." An exception to the 2 year rule is "when the facts on which the claim is predicated were unknown to the movant . . . and could not have been ascertained by the exercise of due diligence." Fla. R.Crim. P. 3.850(b)(1).
In Beasley v. State, 958 So.2d 1086, 1087-88 (Fla. 2d DCA 2007), the second district held that a claim almost identical to Wainwright's was timely if it was filed within two years of the "date on which the [Department of Corrections] informed the prisoner of the gain time forfeiture." The court reasoned that the "DOC determination of gain time constituted newly discovered information within the meaning of rule 3.850(b)(1)." Id. at 1088.
Beasley pleaded guilty in 1992 and received a 20 year sentence. Similar to this case, the defendant claimed that his lawyer, *637 the prosecutor, and the judge all "informed him that he would serve only ten yearsat which point his earned gain time would provide for his release as a `free man' with no conditions." Id. at 1087. The defendant served a little less than ten years and was released with conditions. He violated the conditions and was returned to prison. He did not learn until April 7, 2004 that his earned gain time would be revoked. The defendant's post conviction motion claimed that his 1992 plea was involuntary because of the misinformation about the length of his sentence and his attorney's failure to "advise him of the possible forfeiture of gain time following a violation of a condition of release." Id. The second district held that the defendant had two years from April 7, 2004 within which to bring his rule 3.850 motion.
As we held in Dwyer v. State, No. 4D07-2824, 981 So.2d 606, 2008 WL 2038262 (Fla. 4th DCA May 14, 2008), the existence of conditional release has been known since its inception in 1988. Ch. 88-122, § 10, at 538, §§ 19-20, at 542, 44, Laws of Fla. It is not a newly discovered fact under rule 3.850(b)(i) that permits a defendant to file a motion more than two years after his judgment and sentence became final. Under our similar facts, the post conviction motion needed to have been filed within two years of the date the defendant's sentence became final. We therefore continue to disagree with Beasley,[1] and certify conflict.
Because we hold that the motion was untimely, we do not reach the issue of whether the failure of a defense attorney to advise a client about the potential of gain time forfeiture after a conditional release is a direct consequence of plea about which a defendant must be made aware. See State v. Partlow, 840 So.2d 1040 (Fla. 2003); State v. Dickey, 928 So.2d 1193 (Fla.2006). We certify conflict with Beasley and with Boykins v. State, 976 So.2d 700 (Fla. 2d DCA 2008).
TAYLOR and MAY, JJ., concur.
NOTES
[1] Even using Beasley's analysis and treating conditional release as a "fact" upon which to base a post conviction relief claim, Wainwright's motion is still untimely. His post conviction motion needed to have been filed within two years of July 6, 1999, the date when Wainwright was released from prison with conditions. At that time he had to have realized, or should have realized, that he was not serving just "eight or nine" years and no more. He was released with extensive conditions. For the six years Wainwright participated in the conditional release program, he had to have known that he was not a completely free man, that he was serving a sentence longer than the one he claims was promised to him at the 1990 plea conference. These circumstances mean that Wainwright should have "ascertained" the "facts on which the claim is predicated" by "the exercise of due diligence" within two years of July 6, 1999. See Fla. R.Crim. P. 3.850(b)(1). He could have filed a post conviction relief motion while on conditional release. See McFadden v. State, 904 So.2d 570 (Fla. 4th DCA 2005).