985 So.2d 679 (2008)
Robert JACKSON, Appellant,
v.
STATE of Florida, Appellee.
No. 4D08-1646.
District Court of Appeal of Florida, Fourth District.
July 2, 2008.
*680 Robert Jackson, Bowling Green, pro se.
No appearance required for appellee.
PER CURIAM.
Jackson appeals the summary denial of his motion for postconviction relief, filed in 2008 to challenge as involuntary a guilty plea pursuant to which he was sentenced to twenty-five years. His conviction and sentence became final in 1993. We agree that the motion was untimely filed and affirm.
Defendant claimed he entered his plea based on his attorney's affirmative misadvice that, taking gain-time into account, he would complete the negotiated sentence and be released with no conditions before he completed half of it. He was released after twelve years, in 2001  but on conditional release. After a violation, he was returned to prison in 2006 and the Department of Corrections forfeited his gain-time. He did not learn his gain-time could be forfeited until he received a response to his grievance, early in 2007. But for counsel's misadvice, he would not have entered his plea.
He relied on cases such as Beasley v. State, 958 So.2d 1086 (Fla. 2d DCA 2007), and Galindez v. State, 909 So.2d 597 (Fla. 2d DCA 2005), for the proposition that the two-year time period for filing a rule 3.850 motion claiming ineffective assistance of counsel for failing to adequately inform the defendant of the department's right to forfeit gain-time began to run when the department informed the prisoner of the gain-time forfeiture, which constituted newly discovered evidence within the meaning of rule 3.850(b)(1). Accordingly, he argued that his two-year period for filing the motion did not begin to run until 2007.
Defendant's case is similar to Boykins v. State, 976 So.2d 700 (Fla. 2d DCA 2008). In that case, the court reversed the summary denial, as untimely, of the defendant's rule 3.850 motion, filed in 2006 and challenging his 1999 plea, based on the defendant's claim of affirmative misadvice of counsel that he would serve less time on a twenty-year non-habitualized sentence, with gain-time, than he would serve on a day-for-day fifteen-year HFO sentence. The reversal was based on the holding of Beasley that the two-year time period for filing a rule 3.850 motion ran from the date when DOC informed the defendant of the forfeiture of his gain-time.
However, this court has recently held that a defendant's discovery that a forfeiture of gain-time will result from the violation of conditional release is not a newly discovered fact that will extend the time limit for filing a rule 3.850 motion. See Wainwright v. State, 983 So.2d 635 (Fla. 4th DCA 2008); Dwyer v. State, 981 So.2d 606 (Fla. 4th DCA 2008), in both of which this court certified conflict with the Second District in cases such as Beasley and Boykins.
Accordingly, we affirm and, as we did in those cases, we certify conflict with Beasley and Boykins.
Affirmed; Conflict Certified.
SHAHOOD, C.J., KLEIN and MAY, JJ., concur.