PER CURIAM.
This appeal concerns the summary denial of appellant’s second pro se motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850.
The state charged appellant in two separate cases in the circuit court. Appellant entered into a plea agreement resulting in the dismissal of one case in its entirety and the dismissal of the most serious charge in the other. Pursuant to the agreement, appellant pled guilty to two counts of lewd or lascivious molestation and one count of lewd or lascivious exhibition. The trial court sentenced appellant to ten years in prison followed by twenty years on sex offender probation on one count, and concurrent terms of twenty and fifteen years on sex offender probation on the remaining counts.
One of the conditions of probation, which tracked the language of sub-section 948.30(l)(h), Florida Statutes (2005), prohibited the appellant from accessing the internet “or other computer services” until a “risk assessment [wa]s completed.” The statutory language and sex offender probation condition indicate that the prohibition applies to crimes committed “on or after July 1, 2005.” Appellant’s plea involved offenses alleged to have occurred between July 20, 2004 to July 20, 2005 or August 15, 2004 to August 15, 2005.
Appellant did not file a direct appeal of his sentence after the entry of his plea. His first pro se motion for post-conviction relief was filed on December 9, 2008, and was summarily denied. See Schultheis v. State, 75 So.3d 291 (Fla. 4th DCA 2011).
This case involves appellant’s motion for post-conviction relief filed on February 9, 2012, alleging “newly discovered evidence” in the form of the trial court’s written orders of probation, issued on January 2, 2007, which included the language restricting appellant’s internet access. Appellant claims that he only discovered this probationary condition after reviewing the state’s response to his motion for post-conviction relief. According to appellant, the police statements given by the complaining witnesses accused appellant of criminal acts that took place prior to July 1, 2005, rendering section 948.30(l)(h) inapplicable to his case. Appellant claims his defense counsel specifically advised that this provision would not apply to him if he entered into the plea agreement. Thus, appellant claims he is entitled to withdraw his plea and take his cases to *934 trial based on this “mutual mistake” between the parties.
Appellant’s second motion for post-conviction relief is facially untimely, as it was not filed within two years of January 6, 2007, the date his convictions and sentences became final. See Parks v. State, 101 So.3d 1265, 1265 (Fla. 4th DCA 2012).
Appellant attempts to avoid this result by reference to Fla. R.Crim. P. 3.850(b)(1), which allows a motion to be filed under that rule beyond the two-year limitation when the motion is based on newly discovered evidence that (1) was unknown to the parties and/or their attorneys at the time of trial and could not have been ascertained by the exercise of due diligence and (2) probably would result in an acquittal on retrial. State v. Corner, 84 So.3d 358, 361 (Fla. 4th DCA 2012) (quoting Jones v. State, 709 So.2d 512, 521 (Fla.1998)).
This case does not involve “newly discovered evidence.” The probationary condition of which appellant complains was referenced in general at the plea colloquy, in the written plea agreement, and in the written orders of probation issued by the trial court on January 2, 2007. This information was unquestionably available to both appellant and his attorney prior to the two-year deadline found in rule 3.850(b). Therefore, appellant’s claim fails the first prong of the “newly discovered evidence” test because the evidence could have been discovered by the exercise of due diligence. See Wainwright v. State, 983 So.2d 635, 637 (Fla. 4th DCA 2008) (fact in existence at time of plea was not “newly discovered” for purposes of exception to two-year time limit found in rule 3.850(b)); Foss v. State, 24 So.3d 1275, 1276 (Fla. 5th DCA 2009) (scoresheet error at time of resentencing not newly discovered fact excusing otherwise untimely motion for post-conviction relief under rule 3.850(b)); see also Dwyer v. State, 981 So.2d 606, 609 (Fla. 4th DCA 2008) (conditional release under § 947.1405 neither fact nor “newly discovered,” but instead an “application of long-standing statutory law”). Consequently, appellant’s second motion for post-conviction relief was properly denied as untimely.

Affirmed.

GROSS, LEVINE and CONNER, JJ., concur.