982 So.2d 618 (2008)
Robert EY, Petitioner,
v.
STATE of Florida, Respondent.
No. SC03-2161.
Supreme Court of Florida.
February 28, 2008.
Rehearing Denied May 15, 2008.
*619 Hunter W. Carroll of Carlton and Carroll, P.A., Bradenton, FL, for Petitioner.
Bill McCollum, Attorney General, Tallahassee, FL; Robert J. Krauss, Assistant Attorney General, Bureau Chief, and Patricia A. McCarthy, Assistant Attorney General, Tampa, FL, for Respondent.
CANTERO, J.
In this case, we consider whether, when a defendant has committed two separate crimes and informs his attorney about both of them, the attorney's erroneous advice that his plea in one case could not be used to enhance his sentence in the other constitutes ineffective assistance of counsel. We hold that it does. We also hold, however, that such claims must be filed within the two-year deadline of Florida Rule of Criminal Procedure 3.850.
Below, we (I) detail the relevant facts and procedural history of the case; (II) explain why counsel's wrong advice about the effect of a plea to one crime on a sentence for another crime that already has been committed constitutes ineffective assistance of counsel, and establish the pleading requirements for such a claim; (III) address the deadlines for timely filing such claims; and (IV) apply our holding to the facts of this case and order that Petitioner be afforded an opportunity to amend his claim if he can do so in good faith.

*620 I. THE RELEVANT FACTS AND PROCEDURAL HISTORY
Petitioner was arrested for petit theft in case number 99-21195 (Case# 1). According to Petitioner's allegations (no evidentiary hearing has been held), he informed his counsel before the plea that he had committed another crimedealing in stolen property. His counsel informed him that his plea in Case # 1 would not affect any subsequent sentence for his other crime. On April 10, 2000, he pled no contest in Case # 1 and was placed on probation. His conviction became final in May 2000. Soon after entering his plea, he was arrested and charged in case number 00-9494 (Case # 2) with three counts of dealing in stolen property. He was tried and found guilty. In November 2001, based in part on the felony conviction in Case #1, the trial court sentenced Petitioner in Case # 2 as a habitual offender to thirty years in prison.
In August 2002more than two years after his conviction in Case # 1 became finalPetitioner filed a pro se motion for postconviction relief attacking his conviction in that case. He alleged that his counsel provided ineffective assistance when he wrongly advised Petitioner that the conviction in Case # 1 could not be used to enhance a sentence for dealing in stolen property (which later became Case # 2). He further claimed that, had he known the conviction could be used to enhance the sentence in Case # 2, he would not have pleaded guilty in Case # 1. Petitioner alleged that he discovered counsel's erroneous advice on August 30, 2000, when he received the State's notice of sentence enhancement in Case #2.
The circuit court found that the motion was untimely and dismissed it. Petitioner appealed, and the Second District Court of Appeal affirmed without elaboration. It also, however, certified the following question to be of great public importance:
Whether allegations of affirmative misadvice by trial counsel on the sentence enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are cognizable as an ineffective assistance of counsel claim.
Ey v. State, 870 So.2d 64, 65 (Fla. 2d DCA 2003). Petitioner's motion for rehearing argued that counsel gave the wrong advice in Case # 1 even though the Petitioner had told him about the crimes in Case #2. The district court denied the motion.
Petitioner timely petitioned for review in this Court. The case remained pending while we decided State v. Dickey, 928 So.2d 1193, 1194 (Fla.2006), which answered "no" to the same certified question. We then issued to Petitioner an order to show cause why Dickey did not apply to his case. In response, Petitioner argued that in Dickey, at the time the defendant pleaded guilty to the first crime he had not committed another crime, so the attorney's advice about the effect of the plea on the sentence for a future crime was merely hypothetical, while in this case Petitioner both committed and informed his counsel about the second crime before he pleaded guilty to the first one. Thus, he argued, his was a "real, immediate, and actual consequence faced at the time of the plea that counsel was fully aware of." We have jurisdiction, see art. V, § 3(b)(4), Fla. Const., and granted review. Ey v. State, 954 So.2d 27 (Fla.2007). As we discuss below, we agree with Petitioner that this distinction makes a difference.

II. ERRONEOUS ADVICE ABOUT SENTENCING CONSEQUENCES
We were first presented with the question certified in this case in Bates v. State, 887 So.2d 1214, 1215 (Fla.2004). The *621 question was whether an attorney's erroneous advice that a plea to one crime would not affect the sentence for a future crime constitutes ineffective assistance of counsel. Although ultimately the Court decided the case on other grounds and did not answer the question, several concurring opinions addressed it. Then, in Dickey, a majority of the Court held that such conduct did not constitute ineffective assistance of counsel. Dickey, 928 So.2d at 1194. Petitioner's claim, however, is substantively different from the one we decided in Dickey. At least as alleged by Petitioner, the sentence in Case # 2 was not for a crime that occurred after the plea in Case # 1, but for one that occurred before it, and of which he informed his counsel. Thus, the question here is whether counsel's erroneous advice that a plea in one case could not be used to enhance a sentence for a crime already committed, and about which counsel was informed, constitutes ineffective assistance of counsel. To resolve that issue, we first review Dickey. We then explain the differences between the claims raised in that case and those raised here. Finally, we establish the pleading requirements for such a claim.

A. Dickey and Future Crimes
Like most cases alleging ineffective assistance of counsel, Dickey analyzed the claim using the now-familiar two-pronged test the United States Supreme Court established in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Under that test, the defendant must first specify an act or omission of counsel "so serious that counsel was not functioning as the `counsel' guaranteed by the Sixth Amendment." Id. at 687, 104 S.Ct. 2052. Second, the defendant must establish prejudice by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694, 104 S.Ct. 2052. With regard to guilty and nolo contendere pleas, prejudice is satisfied by demonstrating "a reasonable probability that but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).
Even before Dickey, we had applied Strickland to claims of advice about the effects of a guilty plea on a sentence for a future crime. In Major v. State, 814 So.2d 424, 425 (Fla.2002), we considered "whether the trial court or counsel have a duty to advise a defendant that [the defendant's] plea in a pending case may have sentence enhancing consequences if the defendant commits a new crime in the future." We held there was no such duty. Id. at 431. Because the case involved only the failure to advise that a plea to a crime could enhance a future sentence, however, we did not decide whether counsel's erroneous advice that a plea definitely would not enhance a future sentence would constitute ineffective assistance.
We answered that question in Dickey. In that case, the defendant alleged that before entering his plea, his counsel advised him that if Dickey committed another crime, his plea could not be used to enhance a sentence for the later crime. Dickey claimed counsel was ineffective because his conviction was used precisely that way, and had he known of this potential effect he would not have pleaded guilty to the earlier crime. Dickey, 928 So.2d at 1197. Rather than a failure to advise, Dickey involved erroneous adviceor, as some courts have referred to it, "affirmative" or "positive misadvice." We recognized the concurring opinions in Bates, and stated that "[t]hese differing opinions are encompassed in our decision." Dickey, 928 So.2d at 1198; see Bates, 887 So.2d at *622 1220 (Wells, J., concurring specially, with Lewis, J., concurring); id. at 1221 (Cantero, J., specially concurring). We held as follows:
We conclude that allegations of affirmative misadvice by trial counsel on the sentence-enhancing consequences of a defendant's plea for future criminal behavior in an otherwise facially sufficient motion are not cognizable as an ineffective assistance of counsel claim. A majority of this Court concludes that claims that a defendant entered a plea based on wrong advice about a potential sentence enhancement for a future crime fail to meet the Strickland test, either because such claims do not demonstrate deficient performance in the case at issue or because, as a matter of law, any deficient performance could not have prejudiced the defendant in that case. Therefore, we hold that wrong advice about the consequences for a crime not yet committed cannot constitute ineffective assistance of counsel.
Dickey, 928 So.2d at 1198 (some emphasis added).
Just as Dickey considered a question left open in Major, here we consider a question left open in Dickey: whether the erroneous advice that a guilty plea will not enhance the sentence for another crime constitutes ineffective assistance of counsel when the defendant specifically tells counsel before the plea that he has committed another crime.

B. Subsequent Sentence for a Prior Crime
Relying on our decisions in State v. Sallato, 519 So.2d 605, 606 (Fla.1988), and State v. Leroux, 689 So.2d 235, 235 (Fla. 1996), Petitioner argues that erroneous advice about the consequences of a plea on the sentence for another crime that already has been committed is no longer hypothetical and constitutes ineffective assistance. In Sallato, we distinguished a "failure to advise" claim from a "positive misadvice" claim. Then, in Leroux, we noted that courts "recognized that a defendant may be entitled to withdraw a plea entered in reliance upon his attorney's mistaken advice about sentencing," and stated that such cases "recognize the proposition that a defendant invariably relies upon the expert advice of counsel concerning sentencing in agreeing to plead guilty." Leroux, 689 So.2d at 237. Thus, in these two cases, we acknowledged that claims of "positive misadvice" given on collateral matters on which counsel had no duty to advise a defendant constituted legally cognizable ineffective assistance claims pertaining to the voluntariness of a plea. See Dickey, 928 So.2d at 1200 (Cantero, J., concurring) (citing Leroux and noting that "in certain cases involving particular collateral consequences, when counsel have chosen to give such advice [on collateral consequences], courts have recognized claims of ineffective assistance when it was erroneous"). Although the issue has not always been framed in terms of ineffective assistance of counsel, other courts, as well, have found erroneous advice about collateral consequences of a plea to justify the plea's withdrawal. See, e.g., Ghanavati v. State, 820 So.2d 989, 991 (Fla. 4th DCA 2002) ("When a defendant enters a plea in reliance on affirmative misadvice and demonstrates that he or she was thereby prejudiced, the defendant may be entitled to withdraw the plea even if the misadvice concerns a collateral consequence as to which the trial court was under no obligation to advise him or her."); Joyner v. State, 795 So.2d 267, 268 (Fla. 1st DCA 2001) (remanding for evidentiary hearing where defendant's postconviction motion alleged misadvice regarding loss of the right to vote).
*623 We rejected the claim in Dickey because "wrong advice about the consequences for a crime not yet committed cannot constitute ineffective assistance of counsel." Dickey, 928 So.2d at 1198 (emphasis added). In this case, however, the later sentence was for a crime committed before entry of the plea used to enhance it. Stated another way, in Dickey the later case was entirely hypothetical; at the time he entered his plea, the defendant had not committed another crime. In this case, he hadand he told his counsel about it. Therefore, counsel advised Petitioner about more than a hypothetical consequence. First, unlike affirmative misadvice on a future crime, the enhancement of the sentence imposed for a previously committed crime does not result from the defendant's later decision to commit another crime. See Bates, 887 So.2d at 1223 (Cantero, J., specially concurring) ("Bates never would have been sentenced as a habitual offender had he not decided to commit another felony [after he entered his plea]. His counsel's advice, wrong though it was, would not have affected him at all."). Second, although the charge and successful prosecution of another offense may transpire in the "future" after the plea is entered, the fact remains that the other offense already has been committed and the potential for sentence enhancement is real. A defendant would have a concrete and immediate interest in the effect of his plea in one case on another. Accordingly, we hold that a claim that counsel erroneously advised a defendant about the effect of his plea on the subsequent sentence imposed in another case for a crime committed before the plea was entered is a cognizable claim of ineffective assistance of counsel.

C. The Pleading Requirements
To raise a facially sufficient claim of ineffective assistance of counsel, a defendant must allege specific facts meeting both of Strickland's prongs. Thus, the defendant must allege both that counsel's performance was deficient and that the deficiency prejudiced the defendant. See Jones v. State, 845 So.2d 55, 65 (Fla.2003) ("To be entitled to an evidentiary hearing on a claim of ineffective assistance, the defendant must allege specific facts that are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant."). In light of our recognition of a claim of ineffective assistance based on erroneous advice about the effect of a plea on a subsequent sentence imposed for a crime committed before the plea, we must delineate the pleading requirements.
As stated above, what distinguishes this claim from the one we rejected in Dickey is the imminence of the peril. That is, at the time of the plea, the defendant has an extant basis for concern about the effect of that plea because he already has committed another crime. To raise a facially sufficient claim, however, a defendant must do more than allege that counsel provided erroneous advice. A defendant must plead that (1) before entering the plea, he informed defense counsel that he committed another crime for which he had not yet been sentenced, (2) he explained to counsel the nature of the crime, (3) counsel erroneously advised the defendant about the potential use of the conviction to enhance a subsequent sentence for that other crime (explaining why the advice was erroneous), and (4) had counsel not erroneously advised the defendant, the defendant would have exercised his right to a trial. To prevail on such an ineffective assistance claim, a defendant must ultimately prove both deficient performance and that under "the totality of the circumstances surrounding the plea," there is a reasonable probability the defendant *624 would have gone to trial instead of entering a plea. Grosvenor v. State, 874 So.2d 1176, 1181-82 (Fla.2004).

III. TIMELINESS
Having recognized the validity of, and determined the pleading requirements for, the ineffective assistance claim raised here, we next address the deadline for filing a claim. The State argues that such a claim must be filed within two years after the conviction based on the plea the defendant is attacking becomes final. In other words, rule 3.850 applies. Petitioner contends that the motion is timely if filed within two years after a defendant receives notice of the State's intent to enhance the subsequent sentence based on the previously entered plea. We agree with the State.
Because in Dickey we did not recognize a claim, we expressly declined to address the timeliness issue. Dickey, 928 at 1195 n. 3. At least two district courts, however, have held that in such cases the clock begins to run when a defendant discovers that the advice was erroneous. See Love v. State, 814 So.2d 475, 477 (Fla. 4th DCA 2002) (holding timely a claim of erroneous advice about the consequences of a plea on a future sentence filed within two years after the defendant learned that the advice was mistaken); Bethune v. State, 774 So.2d 4 (Fla. 2d DCA 2000) (finding timely a claim filed within two years after the defendant learned of the potential habitual offender enhancement).
These holdings were based by analogy on our decision in Peart v. State, 756 So.2d 42 (Fla.2000). In Peart, we addressed the question of when a defendant must file a claim that his plea was involuntary because the trial court failed to advise the defendant about the potential for deportation, as required by Florida Rule of Criminal Procedure 3.172(8). We held that the clock starts "when the defendant has or should have knowledge of the threat of deportation based on the plea." Id. at 46. Recently, however, we receded from Peart on this issue. See State v. Green, 944 So.2d 208, 217-18 (Fla.2006). Noting the difficulties the district courts had experienced in applying Peart, we held as follows:
[W]e apply the criteria of rule 3.850 to determine whether a postconviction motion claiming a rule 3.172(c)(8) violation is timely. A motion seeking to withdraw a plea on grounds that the trial court did not advise the defendant of the possibility of deportation will be held to the same time constraints as other postconviction motions raising other claims under rule 3.850. These claims must be brought within two years of the date that the judgment and sentence (or order withholding adjudication of guilt) become final. Henceforth, it is the fact that the plea subjects the defendant to deportation, rather than a specific threat of deportation, that establishes prejudice for the failure to inform the defendant in accord with rule 3.172(c)(8). Whether the plea subjects the defendant to deportation is an existent fact on the date of the plea which is either known or ascertainable by the defendant.
Green, 944 So.2d at 217-18.[1]
We find our reasoning in Green applies as well to the erroneous advice *625 claim we recognize here. The fact of the plea subjects the defendant to the potential for subsequent sentence enhancement on another offense. The defendant with knowledge both of his plea and of the other offense he committed before entering his plea can ascertain within two years of the plea whether that plea could subject him to enhancement of any subsequent sentence. Therefore, we hold that a defendant's claim that counsel erroneously advised that a plea would not affect the subsequent sentence for another crime committed before the plea must be filed within two years after the conviction based on the plea is final. See Fla. R.Crim. P. 3.850(b).

IV. THIS CASE
The trial court dismissed Petitioner's postconviction motion because it was not filed within two years of his judgment and sentence becoming final, as required by rule 3.850. At the time Petitioner filed his motion, however, district courts applied Peart to similar claims and held that the clock started on the date the defendant discovered the enhancement. While the petition was pending in this Court, we overruled Peart. See Green, 944 So.2d at 218. Therefore, although we hold, as explained above, that it is the date the prior conviction becomes final that starts the clock on such a claim, we deem Petitioner's motion timely filed as to this claim.[2] On remand, the Petitioner shall be allowed to amend this claim to meet the pleading requirements detailed above, if he can do so in good faith. See Spera v. State, 971 So.2d 754 (Fla.2007) ("[O]ur decision is designed to allow amendments [of facially insufficient 3.850 motions] where the defendant can, in good faith, correct the deficiency.").

V. CONCLUSION
In Dickey, we answered in the negative the question certified in this case. We find, however, that Petitioner's claim is substantively different. Therefore, we hold that counsel's erroneous advice about the effect of a plea in one case on a subsequent sentence for a crime committed before the plea constitutes ineffective assistance of counsel. To adequately plead such a claim, however, the defendant must meet the pleading requirements we delineated above. The trial and appellate courts shall apply these pleading requirements to any currently pending cases alleging this claim and permit defendants failing to meet them to amend the claim, if they can do so in good faith.
Accordingly, we quash the district court's decision in this case and remand for further proceedings consistent with this opinion.
It is so ordered.
LEWIS, C.J., and WELLS, ANSTEAD, PARIENTE, QUINCE, and BELL, JJ., concur.
NOTES
[1] We also modified the pleading and proof requirements for the claim:

The requirement that a defendant allege and prove that he or she would not have entered the plea if informed of this possibility remains in force. See Peart, 756 So.2d at 47; cf. Grosvenor, 874 So.2d at 1181. Further, the defendant must state in the rule 3.850 motion how he or she will prove that the immigration warning was not given. In the normal case, this will require the defendant to allege that a hearing transcript will demonstrate a violation of rule 3.172(c)(8). Absent conclusive evidence of a violation, the trial court has discretion to deny relief.
Green, 944 So.2d at 218.
[2] Petitioner's postconviction motion also alleged that counsel erroneously advised him that voluntary intoxication was, without exception, no longer a valid defense. The trial court did not address that claim, and we express no opinion about it. Further, in dismissing the case, the trial court advised Petitioner about the procedure for filing a motion under rule 3.850(b)(3), alleging that counsel did not file a timely 3.850 motion. We do not address Petitioner's argument regarding this claim, either.