981 So.2d 1259 (2008)
Michael SINGLETON, Appellant,
v.
STATE of Florida, Appellee.
No. 2D07-4074.
District Court of Appeal of Florida, Second District.
May 21, 2008.
Kimberly Nolen Hopkins, Tampa, for Appellant.
CANADY, Judge.
Michael Singleton appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. At issue is whether Singleton's motion was barred because it was untimely filed. For the reasons we explain, we reverse and remand for further proceedings.
In 1997, Singleton was charged with capital sexual battery. The State offered him a sentence of ten years' prison if he *1260 pleaded guilty to the lesser-included offense of lewd and lascivious battery. Singleton alleges that his counsel informed him that he would be eligible for parole after twenty-five years if he were found guilty at trial on the capital sexual battery charge. Because of the advice he received from counsel, he refused the plea offer. Later, Singleton was offered a sentence of one year in jail, to be followed by two years' house arrest and by five years' probation. Although Singleton attempted to accept this offer, it was withdrawn because the prosecutor's supervisor would not approve it. Singleton therefore went to trial and was subsequently found guilty by a jury of one count of capital sexual battery. He was sentenced to life imprisonment with a twenty-five-year mandatory minimum. His judgment and sentence were affirmed on appeal, and the mandate issued on April 5, 1999.
In his rule 3.850 motion, which was filed in October 2006, Singleton alleged that his counsel misadvised him regarding his eligibility for parole. Singleton asserted that after he exhausted all of his remedies in state and federal court, he decided to seek commutation of his life sentence pursuant to the rule of executive clemency. At that time, he discovered that a movant who receives a mandatory minimum sentence must serve at least one-third of the sentence before applying for a waiver of the rules. After he served approximately eight years or one-third of the mandatory minimum portion of his sentence, Singleton requested information from the Florida Parole Commission (FPC) concerning his eligibility for parole. On August 18, 2006, he was informed that he was ineligible for parole based on section 775.082(1), Florida Statutes (1995). After learning that he would never be eligible for parole, Singleton filed this motion for postconviction relief, asserting that if his counsel had not misadvised him regarding his eligibility for parole if convicted, he would not have proceeded to trial but would have accepted the State's plea offer of ten years in prison. The allegations made by Singleton regarding misadvice of counsel are sufficient to make out a claim for postconviction relief. See Cottle v. State, 733 So.2d 963, 967 (Fla.1999).
The postconviction court denied Singleton's motionwhich was filed more than seven years after his judgment and sentence became finalas untimely, concluding that Singleton alleged no facts qualifying as newly discovered evidence. The postconviction court determined that Singleton failed to show good cause as to whywith the use of due diligencehe could not have earlier discovered the information on which his claim was predicated.
Singleton's argument that the postconviction court erred is supported by a line of cases in this court addressing claims closely analogous to Singleton's claim that he was misadvised by counsel concerning his eligibility for parole. In that line of cases, we have held that postconviction motions based on claims of misadvice of counsel concerning gain time eligibility or the forfeiture of gain time were timely even though filed more than two years after the finality of judgment and sentence. See Boykins v. State, 976 So.2d 700, 700-01 (Fla. 2d DCA 2008); Beasley v. State, 958 So.2d 1086, 1087-88 (Fla. 2d DCA 2007); Galindez v. State, 909 So.2d 597, 598 (Fla. 2d DCA 2005); Hall v. State, 891 So.2d 1066, 1067 (Fla. 2d DCA 2004); Spradley v. State, 868 So.2d 632, 633 (Fla. 2d DCA 2004); see also Douglas v. State, 977 So.2d 776, 777-78 (Fla. 2d DCA 2008).
We have concluded that such gain time misadvice claims present circumstances that fall within the scope of the time limitation exception under rule 3.850(b)(1) for claims predicated on "facts [that] were unknown *1261 to the movant or the movant's attorney and [that] could not have been ascertained by the exercise of due diligence." In these cases, we have related the accrual of the postconviction claims to the time when the authorities provided information to the defendant that belied the earlier advice of counsel. See, e.g., Galindez, 909 So.2d at 598 (stating "that the triggering event for the two-year period in which to file a rule 3.850 motion is not the date of the judgment in the criminal proceeding in which the prisoner pleaded, but the date on which the [Department of Corrections] informed the prisoner of the gain time forfeiture and that the DOC determination of gain time constituted newly discovered information within the meaning of rule 3.850(b)(1)").
Recently, however, the supreme court in Ey v. State, 33 Fla. L. Weekly S144, S146, ___ So.2d ___, ___, 2008 WL 516396 (Fla. Feb. 28, 2008), rejected the view that in postconviction cases alleging misadvice of counsel, "the clock begins to run when a defendant discovers that the advice was erroneous." The Ey court specifically considered the timeliness of "a claim that counsel erroneously advised a defendant about the [potential] effect of his [guilty] plea on the subsequent sentence imposed in another case for a crime committed before the plea was entered." Id. at S145, at ___. The court accepted the State's argument "that such a claim must be filed within two years after the conviction based on the plea the defendant is attacking becomes final." Id. at S146, at ___. Relying on the reasoning of State v. Green, 944 So.2d 208, 217-18 (Fla.2006), a case concerning the timeliness of a claim that a plea was involuntary because the trial court did not inform the defendant of the potential deportation consequences of the plea, the Ey court concluded that a "defendant with knowledge both of his plea and of the other offense he committed before entering his plea can ascertain within two years of the plea whether that plea could subject him to enhancement of any subsequent sentence." 33 Fla. L. Weekly at S146, ___ So.2d at ___. The defendant in such circumstances simply must determine that counsel's advice was based on a legal error.
We conclude that the rule articulated in Ey is applicable to claims of misadvice of counsel such as the claim at issue here. The defendant asserting a claim that counsel gave erroneous advice concerning parole eligibility can as readily determine the legal error which is the basis for the postconviction claim as can a defendant asserting a claim of misadvice like that at issue in Ey. In both types of cases, the claim of misadvice does not depend on "facts" that "could not have been ascertained by the exercise of due diligence" and the exception in rule 3.850(b)(1) from the two-year time limitation on the filing of postconviction claims is therefore not applicable.
Accordingly, we acknowledge that our prior cases which support Singleton's argument that his claim is timely have been superseded by the rule articulated in Ey.
That, however, is not the end of the matter. In Ey, the court recognized that a rule contrary to the rule it was adopting had previously been applied by district courts. 33 Fla. L. Weekly at S146, ___ So.2d at ___. On that basis, the court determined to "deem [Ey's] motion timely filed as to [the misadvice] claim." Id. Here, a similar circumstance exists, and Singleton's claim is likewise deemed timely filed. See also Green, 944 So.2d at 219 (stating that "in the interest of fairness, defendants whose cases are already final will have two years from the date of this opinion in which to file a motion comporting with the standards adopted today").
*1262 We therefore reverse and remand for the postconviction court to reconsider Singleton's claim. On remand, the postconviction court shall either attach those portions of the record that conclusively refute Singleton's claim or conduct an evidentiary hearing on the issue.
Reversed and remanded.
STRINGER and LaROSE, JJ., Concur.