990 So.2d 562 (2008)
Hugo CIMADEVILLA, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D07-2147.
District Court of Appeal of Florida, Third District.
June 25, 2008.
Rehearing Denied September 3, 2008.
Hugo Cimadevilla, in proper person.
Bill McCollum, Attorney General, and Michael C. Greenberg, Assistant Attorney General, for appellee.
Before COPE, GREEN, and RAMIREZ, JJ.
PER CURIAM.
Hugo Cimadevilla appeals an order denying his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
Cimadevilla was charged by information on September 9, 1998, with armed burglary and resisting arrest without violence in Miami-Dade County, Eleventh Judicial Circuit state court. He pled guilty and was sentenced to two years probation. Subsequently, he was charged three times by way of violation of probation affidavits leading to new findings of guilty or pleas. He was still on probation on June 9, 2005, when Drug Enforcement Administration agents and/or members of the Florida Department *563 of Law Enforcement searched the defendant's residence. As a result, Cimadevilla was charged with possession of over 500 grams of cocaine and false identification papers. Two days later, an amended violation of probation affidavit was filed regarding, among other probation violations, the defendant's cocaine possession.
On August 4, 2005, Cimadevilla pled guilty to the violation of his probation and was sentenced to forty months' incarceration and three years' probation. At the time he entered his plea to the state probation violation, the federal prosecution against the defendant had not been initiated. However, in September 2005, approximately one month after the state court plea, Cimadevilla was indicted in federal court for the cocaine and false papers that were found in his home on June 9, 2005. The same attorney represented Cimadevilla in both the state court and federal court cases. On or about August 23, 2006, Cimadevilla entered a guilty plea to the federal charge of possession with intent to distribute 500 grams or more of cocaine and was sentenced to 220 months in prison to be served consecutively to the time he received in the state court case.
Cimadevilla filed a "Motion to Vacate Judgment and Conviction or in the Alternative to Modify Sentence" pursuant to Florida Rule of Criminal Procedure 3.850, where he claimed that during his sentence colloquy, the court failed to provide notice of the consequences in the state court case regarding the possibility of the federal government pursuing charges against him and that any sentence would run consecutively. Cimadevilla also claimed that his counsel was ineffective for failing to advise him of the direct consequences of his guilty plea.
The trial court denied his motion, stating, "[n]either the Court nor the defendant's attorney has an affirmative duty to advise the defendant regarding future sentence enhancements because such issues are collateral and a direct consequence of a plea," and citing Major v. State, 814 So.2d 424 (Fla.2002). He then filed this appeal.
Cimadevilla's sole argument on appeal is that the trial court erred in denying his rule 3.850 motion without conducting an evidentiary hearing or attaching portions of the record that conclusively refuted his claim. To uphold the trial court's summary denial of claims raised in a rule 3.850 motion, the claims must be either facially invalid or conclusively refuted by the record. First, with respect to Cimadevilla's claim that the trial court should have advised him that if the federal authorities filed charges, he could receive a consecutive federal sentence, this claim is legally invalid, and was properly denied by the trial court. See Major, 814 So.2d at 431.
We also find his second claim to be facially insufficient. Cimadevilla alleges that he received ineffective assistance of trial counsel because his attorney failed to advise him of the possible consequences in federal court of having entered a plea in state court. However, "failure to advise" is not a basis for postconviction relief. Ey v. State, 982 So.2d 618 (Fla.2008); Major, 814 So.2d at 430-31. Accordingly, we affirm the trial court's summary denial of defendant's rule 3.850 claim.
Affirmed.