997 So.2d 481 (2008)
Steven D. MACK, Appellant,
v.
STATE of Florida, Appellee.
No. 2D08-1465.
District Court of Appeal of Florida, Second District.
December 17, 2008.
*482 KHOUZAM, Judge.
Steven D. Mack appeals the dismissal of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We reverse and remand for further proceedings.
On August 22, 1991, Mack entered no contest pleas to armed robbery, robbery, aggravated battery, criminal mischief, and battery on a law enforcement officer in four separate cases. Mack did not file a direct appeal.
Mack filed a motion for postconviction relief in December 2005. In his motion, Mack alleged that he asked his counsel before the plea about the effect his plea would have on other offenses he was facing at the time. He claimed that his counsel told him that the convictions based on his plea "could only be used against him for scoring purposes pursuant to the sentencing guidelines and nothing else." Mack further claimed that he learned for the first time on February 24, 2004, that his conviction in one of the cases could be used to enhance his sentence in case number 91-CF-1929.[1] Mack alleged that had he known the conviction could be used to enhance his sentence in case number 91-CF-1929, he would not have entered a plea.
The postconviction court determined that the sentence enhancement did not constitute newly discovered evidence. The court found that Mack's motion was untimely because it was filed more than two years after Mack's judgments and sentences became final, and dismissed the motion. Mack appealed.
As an initial matter, we find that Mack can state a cognizable claim for ineffective assistance of counsel. See Ey v. State, 982 So.2d 618, 625 (Fla.2008) (holding that counsel's erroneous advice about the potential effect of a plea in one case on a subsequent sentence for another crime *483 committed before the plea constitutes ineffective assistance of counsel). Therefore, the issue is whether Mack satisfies the timeliness and pleading requirements delineated in Ey.
In Ey, the supreme court held that a claim of ineffective assistance of counsel based on erroneous advice about the effect of a plea must be filed within two years after the conviction based on the plea is final. 982 So.2d at 625. The court relied on the reasoning of State v. Green, 944 So.2d 208 (Fla.2006), which found that a claim that a plea was involuntary because the trial court did not inform the defendant of the potential deportation consequences of the plea must be filed within two years after the conviction based on the plea is final. Ey, 982 So.2d at 624-25. The court in Ey, however, deemed the defendant's otherwise untimely motion to be timely because under the law that was in effect when the motion was filed, claims were considered timely if they were filed within two years of the defendant learning of the actual misadvice. Id. at 625.
Similarly, under the law in effect when Mack filed his motion, claims were considered timely if they were filed within two years of the defendant learning of the erroneous advice. Therefore, under Ey, Mack's claim is deemed timely filed. See Green, 944 So.2d at 219 (allowing defendants whose cases are final "two years from the date of this opinion in which to file a motion comporting with the standards adopted today"); Singleton v. State, 981 So.2d 1259, 1261 (Fla. 2d DCA 2008) (finding defendant's motion timely because it was filed before prior case law was superseded by Ey).
We find, however, that Mack's motion fails to satisfy the pleading requirements established in Ey. To raise a facially sufficient claim, a defendant must plead that (1) prior to entering the plea, he told counsel that he committed another crime for which he had not been sentenced, (2) he explained to counsel the nature of the crime, (3) counsel misadvised him about the potential use of the conviction to enhance a subsequent sentence for the other crime (explaining why the advice was erroneous), and (4) if not for counsel's misadvice, the defendant would have exercised his right to trial. Ey, 982 So.2d at 623. To prevail on such an ineffective assistance claim, a defendant must prove that counsel's performance was deficient and that under the totality of the circumstances surrounding the plea, there is a reasonable probability the defendant would have proceeded to trial instead of entering a plea. Id. at 623-24.
Here, Mack alleges that before entering the plea, he informed his counsel that he had other pending offenses. He further claims that his counsel wrongly advised him about the future sentence-enhancing consequences of his plea, and that he would not have entered a plea but for his counsel's misadvice. However, Mack did not allege that he explained the nature of those pending offenses to his counsel, as required by Ey. Mack also does not clearly allege the circumstances in which he discovered that his conviction based on the plea could be used to enhance his sentence in case 91-CF-1929. Therefore, Mack's claim is facially insufficient.
Accordingly, we reverse and remand for Mack to amend his claim to meet the pleading requirements in Ey, if he can do so in good faith. Ey, 982 So.2d at 625 (holding that "[t]he trial and appellate courts shall apply these pleading requirements to any currently pending cases alleging this claim and permit defendants failing to meet them to amend the claim, if they can do so in good faith."); see Spera v. State, 971 So.2d 754, 762 (Fla.2007) (permitting *484 defendants to amend defective pleadings only if they can do so in good faith).
Reversed and remanded.
FULMER and WHATLEY, JJ., Concur.
NOTES
[1] At the time of Mack's plea, he had already committed the offenses in case number 91-CF-1929. See Goff v. State, 616 So.2d 551 (Fla. 2d DCA 1993) (affirming Mack's convictions for armed robberies that occurred on January 27, 1991).