*285
 
 VILLANTI, Judge.
 

 Charles Chandler appeals from the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850(b)(1). Chandler alleged that he had just learned that he would be subject to conditional release upon his release from prison and that this constituted “newly discovered evidence,” entitling him to file this otherwise untimely motion. Because Chandler’s motion is deemed timely and is facially sufficient, we reverse and remand for an evidentiary hearing.
 

 On October 4, 2000, Chandler pleaded no contest to charges of robbery without a weapon and dealing in stolen property. While Chandler alleges that he accepted the State’s plea offer, it does not appear that this alleged offer included a specifically agreed-upon sentence. According to Chandler, the trial court told him during his plea colloquy that if he accepted the plea offer, the court would limit itself to a fifteen-year sentence, but that if the State could prove that Chandler qualified as a habitual felony offender (HFO), then Chandler would get “less gain time than everybody else does.” Apparently, the State was able to prove that Chandler qualified as an HFO, and the trial court sentenced Chandler to fifteen years in prison as an HFO. Chandler appealed his conviction and sentence, and this court affirmed without opinion.
 
 See Chandler v. State,
 
 814 So.2d 1039 (Fla. 2d DCA 2002)
 
 *286
 
 (table decision). Mandate issued on April 3, 2002.
 

 On October 31, 2007, Chandler filed his current rule 3.850 motion. In this motion, Chandler alleged that he learned for the first time on October 3, 2007, that he would be subject to conditional release pursuant to section 947.1405, Florida Statutes (2000), upon completion of his HFO sentence.
 
 [1]
 
 Chandler alleged that he was never advised that he would be subject to conditional release upon his release from imprisonment and that the State specifically said that it did not want probation to follow his sentence. Chandler also alleged that the trial court stated at the sentencing hearing that “once he is done with his time, he is done with his time.” Further, Chandler alleged that his counsel told him “that he would do 85% of his sentence and ‘that’s it.’ ” Finally, Chandler alleged that had he known that he would be placed on conditional release, he would not have accepted the State’s plea offer but would have gone to trial.
 

 The postconviction court summarily denied Chandler’s motion. The court held that the fact that Chandler was subject to conditional release did not constitute newly discovered evidence. However, the post-conviction court did not rule on the timeliness of the motion. Instead, the court simply addressed the merits and denied the motion on the basis that “[t]he State has a legitimate state interest in monitoring certain repeat offenders until they complete their court imposed sentences in full.” Chandler now appeals this ruling.
 

 As an initial matter, we must deem Chandler’s motion timely. It is clear from Chandler’s own allegations that his motion was filed more than two years after his judgment and sentence became final in 2002. However, Chandler contends that his claim falls within the exception to the two-year rule found in rule 3.850(b)(1). Under that rule, if “the facts on which the claim is predicated were unknown to the movant or the movant’s attorney and could not have been ascertained by the exercise of due diligence,” the claim may be filed within two years of the discovery of the new facts. Chandler relies on a line of cases from this court that stand for the proposition that claims of affirmative mis-advice by counsel concerning gain time eligibility or gain time forfeiture were timely if they were filed within two years of the defendant learning of the actual misadvice.
 
 See, e.g., Douglas v. State,
 
 977 So.2d 776, 777-78 (Fla. 2d DCA 2008);
 
 Boykins v. State,
 
 976 So.2d 700, 700-01 (Fla. 2d DCA 2008);
 
 Beasley v. State,
 
 958 So.2d 1086, 1087-88 (Fla. 2d DCA 2007);
 
 Galindez v. State,
 
 909 So.2d 597, 598 (Fla. 2d DCA 2005);
 
 Hall v. State,
 
 891 So.2d 1066, 1067 (Fla. 2d DCA 2004);
 
 Spradley v. State,
 
 868 So.2d 632, 633 (Fla. 2d DCA 2004).
 

 However, in
 
 Singleton v. State,
 
 981 So.2d 1259, 1261 (Fla. 2d DCA 2008), this
 
 *287
 
 court held that the cases upon which Chandler relies for his timeliness argument have been effectively overruled by the supreme court’s decision in
 
 Ey v. State,
 
 982 So.2d 618, 624 (Fla.2008). In
 
 Singleton,
 
 this court explained,
 

 We have concluded that such gain time misadvice claims present circumstances that fall within the scope of the time limitation exception under rule 3.850(b)(1) for claims predicated on “facts [that] were unknown to the mov-ant or the movant’s attorney and [that] could not have been ascertained by the exercise of due diligence.” In these cases, we have related the accrual of the postconviction claims to the time when the authorities provided information to the defendant that belied the earlier advice of counsel.
 
 See, e.g., Galindez,
 
 909 So.2d at 598 (stating “that the triggering event for the two-year period in which to file a rule 3.850 motion is not the date of the judgment in the criminal proceeding in which the prisoner pleaded, but the date on which the [Department of Corrections] informed the prisoner of the gain time forfeiture and that the DOC determination of gain time constituted newly discovered information within the meaning of rule 3.850(b)(1)”).
 

 Recently, however, the supreme court in
 
 Ey v. State,
 
 982 So.2d 618, 624 (Fla. 2008), rejected the view that in postcon-viction cases alleging misadvice of counsel, “the clock begins to run when a defendant discovers that the advice was erroneous.” The
 
 Ey
 
 court specifically considered the timeliness of “a claim that counsel erroneously advised a defendant about the [potential] effect of his [guilty] plea on the subsequent sentence imposed in another case for a crime committed before the plea was entered.”
 
 Id.
 
 at 623. The court accepted the State’s argument “that such a claim must be filed within two years after the conviction based on the plea the defendant is attacking becomes final.”
 
 Id.
 
 at 624. Relying on the reasoning of
 
 State v. Green,
 
 944 So.2d 208, 217-18 (Fla. 2006), a case concerning the timeliness of a claim that a plea was involuntary because the trial court did not inform the defendant of the potential deportation consequences of the plea, the
 
 Ey
 
 court concluded that a “defendant with knowledge both of his plea and of the other offense he committed before entering his plea can ascertain within two years of the plea whether that plea could subject him to enhancement of any subsequent sentence.” 982 So.2d at 625. The defendant in such circumstances simply must determine that counsel’s advice was based on a legal error.
 

 We conclude that the rule articulated in
 
 Ey
 
 is applicable to claims of misadvice of counsel such as the claim at issue here. The defendant asserting a claim that counsel gave erroneous advice concerning parole eligibility can as readily determine the legal error which is the basis for the postconviction claim as can a defendant asserting a claim of misad-vice like that at issue in
 
 Ey.
 
 In both types of cases, the claim of misadvice does not depend on “facts” that “could not have been ascertained by the exercise of due diligence” and the exception in rule 3.850(b)(1) from the two-year time limitation on the filing of postcon-vietion claims is therefore not applicable.
 

 Accordingly, we acknowledge that our prior cases which support Singleton’s argument that his claim is timely have been superseded by the rule articulated in
 
 Ey.
 

 981 So.2d at 1260-61.
 

 Like the defendant’s claim in
 
 Singleton,
 
 Chandler’s claim of misadvice does not rely on facts that could not have been
 
 *288
 
 ascertained by the exercise of due diligence. In his motion, Chandler alleges that he learned of the statutory conditional release requirement when he went to the prison law library. However, the conditional release statute has been in existence since 1988.
 
 See
 
 Ch. 88-122, § 10, at 538, § 19-20, at 542-44, Laws of Fla. Chandler has not alleged any fact that would have prevented him from discovering this longstanding statutory requirement during the two years following his judgment and sentence becoming final. Thus, like the claims at issue in
 
 Ey
 
 and
 
 Singleton,
 
 Chandler’s claim is untimely, and his reliance on
 
 Boykins
 
 and
 
 Beasley
 
 to establish the timeliness is misplaced.
 

 That said, however, the supreme court in
 
 Ey
 
 deemed the defendant’s otherwise untimely motion to be timely because when Ey filed the motion, the district courts were applying their precedent so as to render it timely.
 
 Ey,
 
 982 So.2d at 625. This court adopted the same position in
 
 Singleton,
 
 holding that because Singleton’s motion would have been timely under the precedent in existence at the time his motion was initially filed, his motion would be deemed timely and should have been considered on the merits.
 
 Singleton,
 
 981 So.2d at 1261.
 

 Here, Chandler’s motion was arguably timely when it was filed. This court stated in
 
 Singleton
 
 that the “triggering event” for accrual of postconviction motions based on counsel’s misadvice is “the time when the authorities provided information to the defendant that belied the earlier advice of counsel.”
 
 Singleton,
 
 981 So.2d at 1261. Under this interpretation of the case law, the “triggering event” for Chandler’s motion was October 3, 2007, when the Department of Corrections advised Chandler that he would be subject to conditional release, which information allegedly belied the earlier advice of his trial counsel. Thus, under the law in effect when Chandler filed his motion — i.e.,
 
 Douglas, Boykins,
 
 and
 
 Beasley
 
 — this court would have found Chandler’s motion to be timely. Accordingly, under
 
 Ey,
 
 his motion should be deemed timely and considered on its merits.
 

 Turning to the merits of Chandler’s motion, we find that we must reverse and remand for an evidentiary hearing. The law is clear that defense counsel need not provide actual notice of a defendant’s eligibility for conditional release when a defendant negotiates a plea.
 
 Mayes v. Moore,
 
 827 So.2d 967, 971 (Fla. 2002). Since no actual notice is required, counsel cannot be ineffective and a defendant’s plea cannot be involuntary based solely on a lack of notice.
 

 However, even when counsel has no obligation to advise a defendant about a collateral consequence of a plea, “ ‘[affirmative misadvice about even a collateral consequence of a plea constitutes ineffective assistance of counsel.’ ”
 
 Deck v. State,
 
 985 So.2d 1234, 1236 (Fla. 2d DCA 2008) (quoting
 
 Roberti v. State,
 
 782 So.2d 919, 920 (Fla. 2d DCA 2001)). “Thus, while counsel has no obligation to be proactive by voluntarily advising a defendant about the collateral consequences of a guilty plea, if counsel chooses to offer such advice, then the advice given must be accurate.”
 
 Deck,
 
 985 So.2d at 1236.
 

 Here, Chandler alleged in his motion that his trial counsel “advised defendant that he would do 85% of his sentence and ‘that’s it.’ ” Moreover, Chandler alleged that the trial court advised him that “once he is done with his time, he is done with his time,” and the transcript of the hearing showing that the trial court did, in fact, tell Chandler this is included in the record. In other words, Chandler was not told that once he served 85% of his sentence, he would be released to “serve” the remain
 
 *289
 
 der of his sentence under the supervision of the Department. These allegations are sufficient to state a facially sufficient claim for affirmative misadvice of counsel that rendered Chandler’s plea involuntary, and the postconviction court should not have denied Chandler’s motion on the merits without a hearing pursuant to the case law in effect when the postconviction court considered the motion. Accordingly, we reverse and remand for an evidentiary hearing on Chandler’s motion.
 

 Reversed and remanded for further proceedings.
 

 KELLY and KHOUZAM, JJ., Concur.
 

 [1]
 

 . "Conditional release” is a post-prison program under which a defendant who meets the specified statutory criteria may be released from prison prior to the expiration of his or her imposed sentence based on earned gain time, but he or she remains under the supervision of the Department of Corrections for a period equal to the amount of the gain time earned while incarcerated.
 
 See
 
 § 947.1405(2), Fla. Stat. (2000);
 
 see Logan v. State,
 
 964 So.2d 209, 210 (Fla. 5th DCA 2007). The specific terms and conditions of the defendant's conditional release are set by the Florida Parole Commission after an interview with the inmate and a review of his record.
 
 See
 
 § 947.1405(5), (6). If a defendant violates a condition of his or her release before the expiration of his or her full, pronounced prison term, gain time and release are revoked and the defendant may be rein-carcerated for the balance of his or her sentence. All defendants sentenced as habitual felony offenders are subject to conditional release.
 
 See
 
 § 947.1405(2)(b).