HAZOURI, J.,
concurring in part and dissenting in part.
I concur in the result because I agree that what sentence may be imposed upon violation of probation is a collateral consequence of the plea. However, see the contrary holding by the Third District Court in Polite v. State, 990 So.2d 1242 (Fla. 3d DCA 2008).
I disagree that Gusow’s claim is untimely if his claim of misadvice is a cognizable claim under rule 3.850. The majority relies heavily on the Florida Supreme Court’s decision in Ey v. State, 982 So.2d 618 (Fla.2008). In my judgment, the majority reads Ey too broadly. As the majority notes, the court in Ey concluded that a defendant must file his claim “within two years after the conviction based on the plea [becomes] final.” Id. at 625. By doing so, the court reasoned that a defendant “with knowledge both of his plea and of the other offense he committed before entering the plea can ascertain within two years of the plea whether that plea could subject him to enhancement of any subsequent sentence.” Id. The majority concludes that, like the defendant in Ey, Gu-sow, within two years of the 2000 plea, could have discovered that a probation violation on his forty-seven felonies would have subjected him to more than five years in prison. What the majority fails to note is that, in Ey, the factual evidence supporting the court’s conclusion is substantially different than in the instant case and, is therefore, distinguishable.
In Ey, the defendant had been arrested for petit theft and pled no contest to the charge because, allegedly, his counsel advised him that his plea to petit theft would not affect the charges pending against him for three counts of dealing in stolen property. Subsequent to his plea to petit theft, he was tried and convicted on the charges of dealing in stolen property and, at sentencing, the trial court used his conviction for petit theft to enhance his sentence as a habitual felony offender. This resulted in a sentence of thirty years in prison. Prior to his trial for dealing in stolen property, the state gave notice of its intent to seek enhancement because of the prior conviction for petit theft. This notice occurred well within the two-year time limit for postconviction relief under rule 3.850. In addition, the conviction and sentence for dealing in stolen property was also within the two-year time limit for filing a motion *707 pursuant to rule 3.850. Therefore it is under these facts that the court in Ey concluded:
[t]he defendant with knowledge both of his plea and of the other offense he committed before entering his plea can ascertain within two years of the plea whether that plea could subject him to enhancement of any subsequent sentence. Therefore, we hold that a defendant’s claim that counsel erroneously advised that a plea would not affect a subsequent sentence for another crime committed before the plea must be filed within two years after the conviction based on the plea is final.
Ey, 982 So.2d at 625 (citing Fla. R.Crim. P. 3.850(b)). The defendant in Ey was on notice prior to his trial on dealing in stolen property that there could be enhancement because of his petit theft conviction, and that was well within the two-year time limit. So when the court in Ey says that the defendant can ascertain within two years of the plea whether the plea could subject him to enhancement of any subsequent sentence, does that require the defendant to make an independent investigation as to whether the advice of counsel was incorrect? If true, then the whole concept of misadvice of counsel as a cognizable claim under rule 3.850 is somewhat illusory.
In Ey, the defendant had actual knowledge that the state was seeking enhancement prior to the expiration of the two-year time limit. In the instant case, without being advised by the trial court that his sentence for violation of probation could exceed five years, Gusow’s reliance on the misadvice of his counsel would only become ascertainable when he was sentenced for the probation violation.
The majority poses the proposition that defendants are charged with constructive knowledge of the law and that ignorance of the law is no excuse. If correct, then we need not concern ourselves with timeliness. If a defendant is presumed to know the law and ignorance of the law is no excuse, then a defendant should be presumed to know that the advice given by counsel is an incorrect statement of the law.
There is no record evidence that Gusow was advised by the trial court at any of his several violation of probation hearings that he could be sentenced to more than five years imprisonment upon violation of his probation. As farfetched as it may seem that Gusow, facing probation for forty-seven prior felonies, would not be aware that he could be sentenced in excess of five years, we cannot conclude, based on this record, that there is no substance to his claim.[6]

. Perhaps there are in existence plea colloquies or other record evidence that Gusow was advised that he was facing a prison term far in excess of five years upon violation of his probation but that is not part of the record on this appeal.