DAVIS, Judge.
 

 David R. Flint, Jr., pro se, challenges the summary denial of his postconviction motion, which he filed pursuant to Florida Rule of Criminal Procedure 3.850 and in which he alleged newly discovered evidence. Notwithstanding the subsequent change in the law, because Flint’s motion was timely under the law at the time the motion was filed, we must reverse.
 

 Flint was convicted by a jury of first-degree murder and was sentenced to life with a twenty-five-year minimum mandatory. The judgment and sentence were entered on December 11, 1992, and were subsequently affirmed by this court.
 
 See Flint v. State,
 
 641 So.2d 76 (Fla. 2d DCA 1994) (table decision). He then filed a rule 3.850 motion, which was summarily denied by the postconviction court. This court affirmed that summary denial.
 
 See Flint v. State,
 
 684 So.2d 1359 (Fla. 2d DCA 1996) (table decision). Then on October 22, 2007, nearly fifteen years after entry of his judgment and sentence, Flint filed a second rule 3.850 motion, alleging newly discovered evidence.
 

 In that motion, Flint claimed that on June 5, 2006, he discovered that his trial counsel had misadvised him with regard to the State’s plea offer. Flint maintained that during jury selection, his counsel informed him that the State had made a plea offer of forty years, that he specifically asked his counsel whether he could receive early release on the forty-year sentence via parole or gain time, and that trial counsel told him he would have to serve the entire forty years if he accepted the plea. According to Flint, he rejected the plea and proceeded to trial because he knew he was facing twenty-five years to life if convicted by a jury and he decided to take his chances. However, on June 5, 2006, while seeking commutation of his life sentence upon service of two-thirds of his twenty-five-year minimum mandatory, Flint was informed by the Department of Corrections (DOC) that he would have
 
 *71
 
 been entitled to basic and incentive gain time on the forty-year plea offer had he accepted it. Flint stated in his rule 3.850 motion that had he been aware that he was entitled to gain time on the plea offer, he would have accepted the offer and would have received a lesser sentence than the one imposed after trial.
 

 In summarily denying this claim, the postconviction court concluded that the newly discovered evidence exception to rule 3.850(b)(l)’s two-year time limit did not apply to Flint’s motion because the information that Flint alleged in his motion “does not qualify as newly discovered evidence.” The court further found that Flint “failed to establish ... that he could not have timely obtained the information” and “failed to meet the burden of due diligence.”
 

 In
 
 Singleton v. State,
 
 981 So.2d 1259, 1260 (Fla. 2d DCA 2008), this court addressed a similar claim in which the defendant alleged that he had newly discovered “that his counsel misadvised him regarding his eligibility for parole.” This court concluded as follows:
 

 The defendant asserting a claim that counsel gave erroneous advice concerning parole eligibility can ... readily determine the legal error which is the basis for the postconviction claim.... [T]he claim of misadvice does not depend on “facts” that “could not have been ascertained by the exercise of due diligence” and the [newly discovered evidence] exception in rule 3.850(b)(1) from the two-year time limitation on the filing of postconviction claims is therefore not applicable.
 

 Id.
 
 at 1261 (citing
 
 Ey v. State,
 
 982 So.2d 618 (Fla.2008), which involved the timeliness of a claim that counsel misadvised a defendant regarding the potential effect of his plea on a subsequent sentence imposed in another case). Here, Flint himself notes in his motion that any entitlement he may have had to basic or incentive gain time on the plea offer would have been pursuant to section 944.275, Florida Statutes (1991). As the postconviction court correctly pointed out in its order, “Publication of law and statutes of Florida give[s] citizens constructive notice of consequences of their actions.”
 
 See State v. Beasley,
 
 580 So.2d 139, 142 (Fla.1991) (“[P]ublication in the Laws of Florida or the Florida Statutes gives all citizens constructive notice of the consequences of their actions.”),
 
 cited in Ellis v. State,
 
 762 So.2d 912 (Fla.2000).
 

 “That, however, is not the end of the matter.”
 
 Singleton,
 
 981 So.2d at 1261. In
 
 Singleton,
 
 despite concluding that the newly discovered evidence exception to rule 3.850(b)(l)’s two-year time limit did not apply to Singleton’s motion, this court deemed Singleton’s claim timely filed and remanded for the postconviction court to address it on the merits. The
 
 Singleton
 
 court noted that in a previous line of cases, this court had defined the triggering event for rule 3.850 claims of newly discovered evidence based on counsel’s misadvice regarding gain time as “when the authorities provided information to the defendant that belied the earlier advice of counsel.” 981 So.2d at 1261. Acknowledging that it was changing that definition, this court reasoned as follows:
 

 In
 
 Ey,
 
 the court recognized that a rule contrary to the rule it was adopting had previously been applied by district courts. 982 So.2d at 625. On that basis, the court determined to “deem [Ey’s] motion timely filed as to [the misadvice] claim.”
 
 Id.
 
 Here, a similar circumstance exists, and Singleton’s claim is likewise deemed timely filed.
 
 See also Green [v. State],
 
 944 So.2d [208, 219 (Fla.2006)] (stating that “in the interest of fairness, defendants whose cases are already final
 
 *72
 
 will have two years from the date of this opinion in which to file a motion comporting with the standards adopted today”).
 

 Id.
 
 (some alteration in original).
 

 Because Flint’s motion was pending at the time
 
 Ey
 
 was decided, we conclude that we must, as did this court in
 
 Singleton,
 
 deem Flint’s claim timely and remand with instructions for the postcon-viction court to address the claim on the merits.
 
 See also Chandler v. State,
 
 1 So.3d 284, 284 (Fla. 2d DCA 2009) (“[U]n-der the law in effect when Chandler filed his motion ... this court would have found Chandler’s motion to be timely. Accordingly, under
 
 Ey,
 
 his motion should be deemed timely and considered on its merits.”).
 

 As such, we reverse and remand for the postconviction court to reconsider Flint’s motion. On remand, the court shall either attach those portions of the record that conclusively refute Flint’s claim or hold an evidentiary hearing.
 

 Reversed and remanded.
 

 SILBERMAN and VILLANTI, JJ., Concur.