ALTENBERND,
Judge, Concurring.
I concur with the panel’s disposition as to ground one of Mr. Clayton’s motion. As to ground two, I concur with some reluctance. I doubt that the claim alleging a conflict of interest is facially sufficient as alleged, but I am inclined to believe that he should have the option to amend his motion to allege the claim with greater specificity.
Our record contains little information about the proceedings below because the trial court attached nothing to its order. Mr. Clayton apparently was convicted of multiple counts of grand theft, felony petit theft, fraudulent use of a credit card, and burglary on April 10, 2006. Because a conflict prevented the public defender from representing Mr. Clayton, he was represented at that time by Derek Christian. With Mr. Christian’s assistance, Mr. Clayton entered into a negotiated plea by which he received a thirty-year sentence of *1261 imprisonment that was fully suspended in exchange for eighteen years’ probation. Mr. Clayton apparently had a significant prior record and nothing suggests that this negotiated plea was anything but favorable for Mr. Clayton.
Mr. Clayton was arrested for a violation of his probation within two months. While represented by a new attorney, in August 2007, the trial court found him in violation of probation and sentenced him to the thirty-year sentence. He did not appeal the judgments, the orders on violation of probation, or the sentences.
Mr. Clayton filed this postconviction motion in February 2008. As to the allegation of a conflict involving his attorney, Derek Christian, he merely alleges that his second attorney informed him that Judge Estrada and Mr. Christian “were previously co-workers in the prosecutor’s office.”
As the majority correctly observes, prejudice — as the second prong of Strickland — is presumed in cases involving an attorney’s conflict of interest. However, to receive the benefit of this presumption, the defendant must demonstrate “that counsel ‘actively represented conflicting interests’ and that ‘an actual conflict of interest adversely affected his lawyer’s performance.’” Strickland, 466 U.S. at 692, 104 S.Ct. 2052 (quoting Cuyler v. Sullivan, 446 U.S. 335, 350, 100 S.Ct. 1708, 64 L.Ed.2d 333 (1980)). In effect, this appears to be a substitution of a different two-prong test for claims of conflict. To state a facially sufficient claim involving a conflict of interest, I believe a defendant must plead allegations that, if proven, would satisfy both prongs of Cuyler. Compare Ey v. State, 982 So.2d 618, 623 (Fla.2008) (“To raise a facially sufficient claim of ineffective assistance of counsel, a defendant must allege specific facts meeting both of Strickland’s prongs.”).
In this case, Mr. Clayton has merely alleged that his attorney and the trial judge once worked in the state attorney’s office. He has alleged no theory by which this relationship caused his attorney to represent conflicting interests or that it created an actual conflict that affected his lawyer’s performance. Frankly, having a defense attorney who has prior knowledge and understanding of the presiding judge is often helpful to a defendant. I think I can take judicial notice that many lawyers who start out in the state attorney’s office end up either on the bench or in private practice as defense attorneys. I am unwilling to accept that such a co-worker relationship creates any presumption of prejudice without additional and exceptional factual allegations.
Given that Mr. Clayton’s first claim must be remanded to the trial court, I have no objection to remanding the second claim as well. However, in my opinion, Mr. Clayton will need to allege more facts establishing a conflict before this claim is facially sufficient. If he can allege those facts, he will bear the burden of establishing both of the components of Cuyler at any evidentiary hearing.