BENTON, C.J.
 

 Ronald Ray Bevans appeals the denial of his postconviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm except insofar as his claim of ineffective assistance of counsel hinges on affirmative misadvice of counsel. We reverse in part and remand for a supplemental evidentiary hearing on whether he relied on the misadvice in deciding to go to trial.
 

 The trial court did not reach the question of reliance because it did not recognize the misadvice as such. Mr. Bevans was convicted after trial on one count of kidnapping in violation of section 787.01(3)(a), Florida Statutes (1999), and three counts of sexual battery on a victim less than twelve years old, in violation of section 794.011(2)(a), Florida Statutes (1999). He later challenged his conviction and sentence in a timely 3.850 motion. Among other things, the motion alleged that trial counsel failed to provide effective assistance.
 

 As clarified in an amendment to the motion, trial counsel was specifically alleged to be ineffective in advising him not to accept the state’s plea offer of thirty years’ imprisonment and to go to trial instead. At an evidentiary hearing on the motion, Mr. Bevans and members of his family testified that trial counsel told him that he should go to trial. Mr. Bevans testified that trial counsel told him that, after trial, he would receive a life sentence, but that it would be reversed on appeal, along with his convictions.
 

 Trial counsel testified that he never advised Mr. Bevans to reject the state’s plea offer, but he also testified that he explained to Mr. Bevans what a life sentence entailed, as follows: “I explained to him that a life sentence meant he would have to do at least twenty-five years before he became eligible for parole and he could potentially spend the rest of his life in prison.” The trial court credited trial counsel’s testimony and found that trial counsel “sufficiently testified that he explained to defendant what a life sentence meant.”
 

 But the explanation counsel gave was incorrect. Under the statute in effect at the time of the offenses, sexual battery was a capital felony punishable under section 775.082(1), Florida Statutes (1999).
 
 See
 
 § 794.011(2)(a), Fla. Stat. (1999). Section 775.082(1) provided that a person convicted of a capital felony “shall be punished by life imprisonment and shall be
 
 ineligible
 
 for parole.” (Emphasis sup
 
 *347
 
 plied.) Under the life sentences Mr. Be-vans is serving, he is not eligible for parole after twenty-five years in prison or at any other time.
 

 We find that Mr. Bevans’s amended claim of ineffective assistance of counsel sufficiently states a claim for relief. Since ineffective assistance was alleged in the original, timely motion, the trial court’s decision to allow the amendment was unquestionably proper. But, in order to prove that trial counsel was ineffective, a 3.850 movant must prove, as well as plead, both prongs of a two-part test: “First, the defendant must show that counsel’s performance was deficient.... Second, the defendant must show that the deficient performance prejudiced the defense.”
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 As to the first prong, deficient performance, courts have recognized misadviee about the maximum penalty a non-pleading defendant faces as a basis for postconviction relief. In
 
 Singleton v. State,
 
 981 So.2d 1259 (Fla. 2d DCA 2008), Singleton was charged with capital sexual battery under the 1997 version of the statute and his trial counsel incorrectly advised him that he would be eligible for parole after twenty-five years. The Second District found that Singleton’s allegations in a 3.850 motion that “if his counsel had not misadvised him regarding his eligibility for parole if convicted, he would not have proceeded to trial but would have accepted the State’s plea offer of ten years in prison” made out a claim for postconviction relief.
 
 Id.
 
 at 1260.
 
 See also Ash v. State,
 
 767 So.2d 1260, 1261 (Fla. 1st DCA 2000) (ruling facially sufficient a claim that the defendant was affirmatively misled as to the possible length of his sentence should he decline to accept a plea and proceed to trial).
 

 As to the second prong, perhaps because of the state of the pleadings at the time of the original evidentiary hearing, the parties did not address at the hearing whether Mr. Bevans was prejudiced by counsel’s deficient performance,
 
 ie.,
 
 whether he would have accepted the state’s plea offer but for counsel’s misad-vice. The state apparently concedes this point, and the order under review does not acknowledge the affirmative misadviee. In the circumstances, Mr. Bevans is entitled to a supplemental evidentiary hearing on the limited question of whether his counsel’s deficient performance prejudiced him by inducing his decision not to accept the plea offer, and to a ruling on that question.
 

 Affirmed in part, reversed in part, and remanded with directions.
 

 VAN NORTWICK and SWANSON, JJ„ concur.