NORTHCUTT, Judge.
 

 Frederick Heustis appeals his criminal convictions, arguing that the circuit court erred in denying his motion to withdraw his plea after sentencing. We agree and reverse.
 

 Heustis was charged with three counts of aggravated assault. He entered a negotiated, no contest plea to one count of aggravated assault and two counts of the lesser charge of improper exhibition of a firearm. He was adjudicated guilty and placed on three years’ probation. Heustis later filed a motion alleging that his plea was involuntary because it was induced by counsel’s misadvice regarding the plea’s effect on his civil rights. At a hearing on the motion, Heustis testified that he would not have entered his plea if he had known that he would be classified as a felon and would lose his civil rights, including his right to vote. He further testified that his attorney affirmatively misled him into believing that his plea would not have these consequences. No other testimony was presented.
 

 The circuit court concluded that the right to vote was a collateral consequence of the plea, and it denied Heustis’s motion. But the court failed to appreciate that a defendant’s plea can be involuntary when it is based on counsel’s misadvice about even a collateral consequence.
 
 See Ey v. State,
 
 982 So.2d 618, 622 (Fla.2008) (noting that counsel’s positive misadvice on collateral matters may justify withdrawal of a plea);
 
 see also Chandler v. State,
 
 1 So.3d 284, 288 (Fla. 2d DCA 2009) (same).
 

 Accordingly, we reverse and remand for additional proceedings on the motion to withdraw plea. We note that should Heustis persist and ultimately succeed in withdrawing his plea, he again could face charges of aggravated assault for all three counts.
 
 See Geiger v. State,
 
 532 So.2d 1298, 1300 (Fla. 2d DCA 1988) (pointing out that defendant may face original charges when a plea is withdrawn).
 

 Reversed.
 

 CRENSHAW and BLACK, JJ„ Concur.