PER CURIAM.
 

 Daniel Lonergan appeals the trial court’s denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850 as untimely. We affirm.
 

 Lonergan pleaded guilty to attempted escape on May 14, 1984, and was adjudicated guilty and sentenced to one year and one day in prison, consecutive to any sentence he was then serving. He did not file a direct appeal. In 1997 and 1998, he filed two motions to correct illegal sentence, both of which were denied. He also filed a motion for post-conviction relief in May, 2001, on grounds not related to the issue here.
 

 On May 30, 2007, the Florida Parole Commission aggravated his parole release date in a 1981 murder case by twenty-four months, based on the attempted escape conviction. On August 11, 2008, Lonergan filed another motion for post-conviction relief, the denial of which is the subject of this appeal. In this motion, Lonergan alleged that his plea was involuntary as it was the result of erroneous advice of counsel that his conviction for escape could not affect his subsequent parole in the murder case for which he already had been convicted and sentenced. He also alleged ineffective assistance of defense counsel for providing this erroneous advice.
 

 The trial court summarily denied this motion as untimely under rule 3.850(b)’s two-year limitations period, and as successive to his previous motion filed in 2001. We affirm. By the time Lonergan filed his motion for post-conviction relief on August 11, 2008, the Supreme Court of Florida’s decision in
 
 Ey v. State,
 
 982 So.2d 618 (Fla.2008), was controlling authority. In that case, the Supreme Court held that a claim that counsel erroneously advised a defendant about the effect of his plea on a sentence imposed in another case for a crime committed prior to the entry of his plea was legally sufficient, but was untimely if not filed within two years after the conviction based on the plea became final.
 
 Id.
 
 at 625. While the motion in that case was filed beyond the limitations period, the Supreme Court nonetheless deemed the motion timely there because, at the time it was filed, district courts had applied
 
 Peart v. State,
 
 756 So.2d 42 (Fla.2000), to similar claims and held that the limitations period commenced when the defendant discovered the enhancement, not the date the conviction became final.
 
 Id.
 
 However the Supreme Court overruled
 
 Peart
 
 in
 
 State v. Green,
 
 944 So.2d 208 (Fla.2006), while
 
 Ey’s
 
 petition was pending. In those circumstances, the Supreme Court allowed it to be considered as timely filed.
 

 Here, that is not the case. Lonergan’s motion was filed after
 
 Ey,
 
 and thus, the clock started to tick when his conviction and sentence became final in 1984. He could have learned within two years of that time that the Florida Parole Commission could exercise its discretion to use the attempted escape conviction to aggravate his parole release date in the murder case, notwithstanding any promises by his defense counsel to the contrary.
 
 See Gusow v. State,
 
 6 So.3d 699, 704-05 (Fla. 4th DCA 2009). Accordingly, the trial court properly denied his post-conviction motion filed
 
 *536
 
 more than two years after his conviction and sentence became final.
 

 Affirmed.
 

 STEVENSON, MAY and DAMOORGIAN, JJ., concur.