PER CURIAM.
Richard Kittles appeals the denial of his Rule 3.800(a) motion. The motion raises repetitive and meritless claims which are barred by the collateral estoppel doctrine and are not cognizable in a Rule 3.800(a) motion to correct illegal sentence. We affirm and caution appellant that further filing of frivolous appeals will result in sanctions.

Facts and Procedural Background

On May 11, 2000, using a GPS tracking device that had been installed in the vehicle, police located a truck which had been stolen. When confronted by an officer, appellant, and a co-defendant, jumped into the truck, and appellant drove off. Appellant led police on a high-speed chase for at least ten miles until he crashed into a cement pole. He fled on foot but was apprehended after jumping into a canal.
In September 2001, a jury convicted appellant of second-degree felony aggravated fleeing and eluding (high speed), grand theft auto, and two counts of resisting arrest without violence. The court sentenced him to fifteen years in prison for the aggravated fleeing and eluding, a concurrent term of five years in prison for the grand theft, and concurrent one-year jail terms for the misdemeanor resisting counts. This court affirmed on direct appeal. Kittles v. State, 837 So.2d 991 (Fla. 4th DCA 2003) (table).
In the motion at issue, which was filed April 9, 2010, appellant argued that he was entitled to postconviction relief because the court relied on inaccurate information regarding his prior record at the sentencing hearing and that his scoresheet was in error. He claimed that he was not given prior notice that the court would review documents relating to his prior convictions at sentencing, that certain juvenile offenses should not have been scored or considered by the court, and that the State allegedly failed to present sufficient proof of his prior convictions. The rambling motion also raised a confused challenge to the conviction for aggravated fleeing and eluding.
The trial court denied the motion based on the State’s response which explained that the claims are barred as they have been raised and rejected in three prior motions, that the claims do not allege or establish an actual illegal sentence, and that the claims are without merit because appellant declined during the sentencing hearing an opportunity for more time to challenge his prior record.
Appellant has not filed an initial brief identifying any arguable point of error in this appeal.

Analysis

To the extent the claims challenge the sufficiency of the procedure or the adequacy of the proof at sentencing, the claims are procedurally barred and not cognizable in a Rule 3.800(a) motion. See Ives v. State, 993 So.2d 117, 120 (Fla. 4th DCA 2008) (citing Bover v. State, 797 So.2d 1246, 1251 (Fla.2001)). Appellant’s confused and meritless claim challenging his aggravated fleeing conviction is not well brought as appellant may not challenge a conviction in a Rule 3.800(a) motion. The time for filing a Rule 3.850 motion expired long ago, and the present claims would be untimely and successive if filed in such a motion. Fla. R.Crim. P. 3.850(b), (f).
*960 Presently, Rule 3.800(a) permits a claim of scoresheet error, or an illegal sentence, to be raised “at any time.” Fla. R.Crim. P. 3.800(a).[1]
Appellant has raised the same or similar claims in three prior postconviction motions which were denied and affirmed on appeal. He first raised scoresheet issues, including his claim that his juvenile offenses should not have been scored, in his Rule 3.850 motion which was denied and affirmed on appeal. Kittles v. State, 892 So.2d 1047 (Fla. 4th DCA 2005) (table).
Next, appellant filed a Rule 3.800(a) motion wherein he challenged the existence and sufficiency of the proof of his prior convictions and again claimed scoresheet error. The motion was denied and affirmed on appeal. Kittles v. State, 909 So.2d 869 (Fla. 4th DCA 2005) (table).
Finally, appellant filed another Rule 3.800(a) motion repeating his claims of scoresheet error. The motion was denied and affirmed on appeal. Kittles v. State, 963 So.2d 245 (Fla. 4th DCA 2007) (table).
Appellant is collaterally estopped from repeating his scoresheet error claims because they have been previously raised and rejected on the merits. State v. McBride, 848 So.2d 287, 290-91 (Fla.2003). Furthermore, any scoresheet error is harmless in this Rule 3.800(a) posture because the court could have imposed the same sentence absent the scoresheet error. Brooks v. State, 969 So.2d 238 (Fla.2007).
Most importantly, appellant fails to establish that his sentence is illegal within the meaning of Rule 3.800(a). See Carter v. State, 786 So.2d 1173, 1180 (Fla.2001). His fifteen-year sentence is within the statutory maximum for the second-degree felony aggravated fleeing and eluding. § 316.1935(3)(a), Fla. Stat. (1999). The concurrent five-year sentence is within the statutory maximum for third-degree felony grand theft auto. § 812.014(2)(c)6., Fla. Stat. (1999). The one-year sentences for the first-degree misdemeanor resisting without violence counts are also within the statutory maximum. § 843.02, Fla. Stat. (1999).

Conclusion

For the reasons expressed herein, we conclude that the motion at issue was without merit, proeedurally barred, and an abuse of procedure. This appeal is frivolous. Any further frivolous filing will result in referral to prison officials for consideration of disciplinary procedures which may include forfeiture of gain-time. §§ 944.279(1), 944.28(2)(a), Fla. Stat. (2011). Appellant is cautioned that abuse of postconviction process may result in a prohibition against pro se filing. State v. Spencer, 751 So.2d 47 (Fla.1999).

Affirmed.

STEVENSON, HAZOURI and DAMOORGIAN, JJ., concur.

. The Florida Supreme Court is considering amendments that would require claims of sentencing error to be raised within two years of the sentence becoming final. In Re: Amendment to the Florida Rules of Criminal Procedure, SCI 1-1679.