SILBERMAN, Chief Judge.
Corey Shane Bowman seeks review of the trial court’s order revoking his probation in case no. 07-3234 and ordering his probationary term in case no. 09-4489 to be held in abeyance pending the completion of his prison term in case no. 07-3234. Among other things, Bowman argues that the trial court improperly extended his probation in case no. 09-4489. We affirm the court’s finding that Bowman willfully and substantially violated his probation in case no. 07-3234 without further comment. We note that the court did not extend the term of Bowman’s probation in case no. 09-4489 by declaring that Bowman’s probation in that case would be held in abey- *535 anee while he served his incarcerative term in case no. 07-8234. When a defendant who is serving probation in one case is incarcerated in a separate case, his probationary sentence is automatically “tolled.” Badger v. State, 23 So.3d 813, 816-17 (Fla. 2d DCA 2009); Jones v. State, 964 So.2d 167, 171 (Fla. 5th DCA 2007); Williams v. State, 773 So.2d 660, 660 (Fla. 5th DCA 2000); State v. Savage, 589 So.2d 1016, 1018 (Fla. 5th DCA 1991). Thus, the trial court was simply explaining the legal effect of its incarcerative sentence in case no. 07-3234 on the probationary sentence in case no. 09-4489.
Affirmed.
ALTENBERND and WALLACE, JJ., Concur.