PER CURIAM.
We affirm the summary denial of the defendant’s Florida Rule of Criminal Procedure 3.850 motion for postconviction relief.
In 1999, in the underlying Palm Beach County case, the defendant entered a negotiated plea to the charge of escape. The escape occurred while the defendant was serving sentences arising from a Duval County circuit court case. Pursuant to the negotiated plea in the Palm Beach County case, the defendant received a thirty-month sentence to be served consecutively to the Duval County sentences.
In 2006, the Department of Corrections audited the defendant’s sentences. The Department concluded that, as a result of the defendant’s escape conviction in the Palm Beach County case, he had forfeited the gain time which he had earned on his Duval County sentences. § 944.28(1), Fla. Stat. (1999).
In 2012, the defendant filed the rule 3.850 motion at issue in this Palm Beach County case. The defendant raised two claims: (1) the forfeiture of his gain time on his Duval County sentences violated his plea agreement in the Palm Beach County case by extending his ultimate release date for several more years; and (2) his attorney in the Palm Beach County case misad-vised him that he would cumulatively serve only eight to ten years in prison if he entered the negotiated plea to escape, and failed to advise him that his gain time on his Duval County sentences could be forfeited as a result of his escape conviction.
The defendant’s first claim lacks merit. The forfeiture of gain time on his Duval County sentences did not impact the thirty-month sentence in the Palm Beach County case and did not violate the plea agreement in that case.
The defendant’s second claim was untimely. The two-year time limit for challenging the plea in the Palm Beach County case began to run on the date that conviction became final, not on the date on which the defendant discovered his attorney’s alleged misadvice. Ey v. State, 982 So.2d 618, 625 (Fla.2008); Lonergan v. State, 13 So.3d 534, 535 (Fla. 4th DCA 2009); Gusow v. State, 6 So.3d 699, 704-05 (Fla. 4th DCA 2009). The defendant, with due diligence, could have discovered within *970 the two-year time limit that his gain time could be forfeited under section 944.28(1) as a result of his escape conviction. Additionally, even if the forfeiture of gain time constituted a newly discovered fact providing an exception to the two-year time limit, which it does not, the defendant did not bring his claim within two years of discovery of the forfeiture. Fla. R. Crim. P. 3.850(b)(1).

Affirmed.

WARNER, CIKLIN and GERBER, JJ., concur.