PER CURIAM.
We affirm the trial court’s denial of appellant’s Rule 3.800(a) motion which attempted to challenge his 1986 plea to escape in this case. The motion does not establish an “illegal sentence” that can be corrected at any time under the rule. Instead, the motion attempts to bring procedurally barred and untimely challenges to the conviction. See Fla. R. Crim. P. 3.850.
Appellant alleges in Ground 1 that his fifteen year sentence exceeds the statutory maximum. This allegation is false as escape is a second-degree felony. § 944.40, Fla. Stat. (1985). Appellant also claims that he was convicted of a non-existent offense and that the information was defective because it did not allege that the *114 prosecutor had received sworn testimony from a material witness. It is now well-established that such claims are frivolous. Logan v. State, 21 So.3d 917 (Fla. 4th DCA 2009); Collins v. State, 97 So.3d 305 (Fla. 4th DCA 2012). Appellant raises another frivolous claim that his “scoresheet is illegal” because it was not signed by the judge. In an addendum, appellant attempted to go behind his plea and argued a procedurally barred claim that the evidence was insufficient to support an escape conviction.
The Clerk of this Court is directed to forward a certified copy of this order to the appropriate institution for consideration of disciplinary procedures, including forfeiture of gain time. § 944.279(1), Fla. Stat. (2012). Appellant is cautioned that further frivolous filing may result in additional sanctions such as a bar on pro se filing in this court. State v. Spencer, 751 So.2d 47 (Fla.1999).

Affirmed. Appellant referred for consideration of disciplinary procedures.

STEVENSON, MAY and CONNER, JJ., concur.