PER CURIAM.
We affirm the trial court’s denial of appellant’s rule 3.800(a) motion to correct illegal sentence, which attempts to challenge the propriety of his conviction and sentence for sale of cocaine as a lesser-included offense for sale of cocaine within 1000 feet of a convenience store. The motion does not establish an “illegal” sentence that can be corrected at any time. See Carter v. State, 786 So.2d 1173, 1178 (Fla.2001). Instead, the motion attempts to bring a procedurally barred and untimely challenge to that conviction, an improper basis for the motion under rule 3.800(a), see Steed v. State, 120 So.3d 113 (Fla. 4th DCA 2013). Moreover, since appellant has raised this very claim twice before, the order is subject to affirmance based on collateral estoppels. Kittles v. State, 83 So.3d 958, 960 (Fla. 4th DCA), mandamus dismissed, 90 So.3d 271 (Fla.2012).
Accordingly, the Clerk of this Court is directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures, including forfeiture of gain time. § 944.279(1), Fla. Stat. (2012). Further, appellant is cautioned that future frivolous filings will result in additional sanctions such as a bar on pro se filings in this court. See State v. Spencer, 751 So.2d 47 (Fla. 1999).

Affirmed. Appellant referred for consideration of disciplinary procedures.

DAMOORGIAN, C.J., GERBER and FORST, JJ., concur.