PER CURIAM.
We summarily affirm the circuit court’s denial of appellant’s petition for writ of habeas corpus which attempted to challenge his 1999 conviction in the underlying case. The post-conviction challenge was untimely, successive, and proeedurally barred. The trial court properly treated the petition as a rule 3.860 motion for post-conviction relief and then rejected the claims. Baker v. State, 878 So.2d 1236 (Fla.2004).
Appellant attempted to raise the procedurally barred claims that he was convicted of an uncharged offense through a defective information, that the trial court lacked subject matter jurisdiction, and that his conviction was based on fraudulent tes *3 timony. See Fla. R.Crim. P. 3.850(b). This Court rejected the first two points when it affirmed the trial court’s denial of appellant’s 2008 rule 3.850 motion. Dinkins v. State, 7 So.3d 1114 (Fla. 4th DCA 2009). See Steed v. State, 120 So.3d 113 (Fla. 4th DCA 2013) (characterizing the claims as frivolous). This Court subsequently affirmed the denial of appellant’s second rule 3.850 motion, which was untimely and meritless. Dinkins v. State, 125 So.3d 968 (Fla. 4th DCA 2013).
Based on appellant’s history of litigating untimely and frivolous claims, the Clerk of this Court is directed to forward a certified copy of this order to the appropriate institution for consideration of disciplinary procedures, including forfeiture of gain time. § 944.279(1), Fla. Stat. (2012). Appellant is cautioned that further frivolous filing may result in additional sanctions such as a bar on pro se filing in this court. State v. Spencer, 751 So.2d 47 (Fla.1999).

Affirmed. Appellant referred for consideration of disciplinary procedures.

DAMOORGIAN, C.J., TAYLOR and LEVINE, JJ., concur.