PER CURIAM.
We affirm the trial court’s denial of appellant’s rule 3.800(a) motion to correct illegal sentence, which contends his probationary sentences imposed in three separate cases expired while appellant served a prison sentence imposed in another case after the probationary sentences commenced. The motion does not establish an “illegal” sentence that can be corrected at any time. Carter v. State, 786 So.2d 1173, 1178 (Fla.2001). Moreover, a probationary sentence once commenced automatically is tolled when a criminal defendant begins serving a prison sentence from another case. Bowman v. State, 86 So.3d 534, 535 (Fla. 2d DCA 2012) (citations omitted). In addition, since appellant raised the same claim in McKernan v. State, 8 So.3d 367 (Fla. 4th DCA 2009), the trial court’s order of summary denial must be affirmed based on collateral estoppel. Kittles v. State, 83 So.3d 958, 960 (Fla. 4th DCA), mandamus dismissed, 90 So.3d 271 (Fla.2012).
Accordingly, the Clerk of this Court is directed to forward a certified copy of this opinion to the appropriate institution for consideration of disciplinary procedures, including forfeiture of gain time. § 944.279(1), Fla. Stat. (2012). Further, appellant is cautioned that future frivolous filings will result in additional sanctions such as a bar on pro se filings in this court. State v. Spencer, 751 So.2d 47 (Fla.1999); King v. State, 127 So.3d 684 (Fla. 4th DCA 2013).

Affirmed. Appellant referred for consideration of disciplinary procedures.

MAY, FORST and KLINGENSMITH, JJ., concur.