DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT
*January Term 2014*

**JACOBRIAN BRAY,**
Appellant,

v.

**STATE OF FLORIDA,**
Appellee.

No. 4D14-1168

[July 2, 2014]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Martin J. Bidwill, Judge; L.T. Case Nos. 06-12082 CF10A and 06-4676 CF10A.

Jacobrian Bray, Crawfordville, pro se.

No appearance required for appellee.

PER CURIAM.

The defendant appeals the trial court's denial of a motion to correct illegal sentence, pursuant to Rule 3.800(a) of the Florida Rules of Criminal Procedure. The motion raised the same sentencing challenge as did his prior motions for post-conviction relief. The issues are therefore barred by collateral estoppel. We affirm and caution the defendant that the filing of further frivolous appeals will result in sanctions.

In this rule 3.800(a) motion, the defendant challenged a ten-year mandatory minimum sentence imposed for actual possession of a firearm in count one, and the three-year mandatory minimum for actual possession of a firearm in count four. He argued that even though he pled guilty to the charges, the trial court was required to make a specific finding of actual possession to impose the mandatory minimum term under section 775.087(1), Florida Statutes (2006). The defendant's argument is meritless. His guilty pleas to the counts charging actual possession of a firearm mandated imposition of the mandatory minimum terms. *See State v. Moore*, 854 So. 2d 832 (Fla. 5th DCA 2003).

The defendant is also procedurally barred from raising this challenge because he raised the same or similar challenges in *Bray v. State*, 995 So. 2d 976 (Fla. 4th DCA 2008), and *Bray v. State*, 68 So. 3d 247 (Fla. 4th DCA 2011). *See State v. McBride*, 848 So. 2d 287 (Fla. 2003); *Kittles v. State*, 83 So. 3d 958 (Fla. 4th DCA 2012).

The defendant's motion is procedurally barred, an abuse of the post-conviction procedure, and meritless. We therefore find this appeal frivolous, and caution the defendant that any future frivolous filing in this court will result in referral to prison officials for consideration of disciplinary procedures, which may include forfeiture of gain-time. §§ 944.279(1), 944.28(2)(a), Fla. Stat. (2012). The defendant is also cautioned that future frivolous filings may result in sanctions by this court, including a prohibition against *pro se* filings. *State v. Spencer*, 751 So. 2d 47 (Fla. 1999).

*Affirmed.*

MAY, CONNER and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

2